**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**1. SEE NOTICE ON REVERSE.**       **2. PLEASE TYPE OR PRINT.**       **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Software Freedom Conservancy, Inc., et al. v. Best Buy Co., Inc., et al. | SDNY | Hon. Shira A. Scheindlin |
| | Date the Order or Judgment Appealed from was Entered on the Docket: November 29, 2010 | District Court Docket No.: 09-cv-10155 (SAS) |
| | Date the Notice of Appeal was Filed: December 29, 2010 | Is this a Cross Appeal? ☐ Yes   ✔ No |

| Attorney(s) for Appellant(s): ✔ Plaintiff ☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: Daniel Ravicher, Benjamin N. Cardozo School of Law, Suite 928, 55 Fifth Avenue, New York, NY 10003, tel: 212-461-1902, fax: 212-591-6038, email: ravicher@yu.edu |
|---|---|
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: For Objector-Appellee Credit Managers Association of California, Robert L. Weigel, Gibson, Dunn & Crutcher, LLP, 200 Park Avenue, New York, New York 10166, tel: (212) 351-4000, fax: 212.351.5236, email: rweigel@gibsondunn.com |

| Has Transcript Been Prepared? N/A | Approx. Number of Transcript Pages: N/A | Number of Exhibits Appended to Transcript: N/A | Has this matter been before this Circuit previously? ☐ Yes   ✔ No If Yes, provide the following: Case Name: 2d Cir. Docket No.:       Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

**PART A:  JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party ☐ Diversity ✔ Federal question (U.S. not a party) ☐ Other (specify): ____ | Final Decision ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) Interlocutory Decision Appealable As of Right ✔ Other (specify): Denial of Rule 25(c) Joinder |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. <u>Stage of Proceedings</u> | 2. <u>Type of Judgment/Order Appealed</u> | 3. <u>Relief</u> |
|---|---|---|

1. <u>Stage of Proceedings</u>

- ✓ Pre-trial
- ☐ During trial
- ☐ After trial

2. <u>Type of Judgment/Order Appealed</u>

- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subj. matter juris.
- ☐ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ✓ Judgment / Decision of the Court
- ☐ Summary judgment
- ☐ Declaratory judgment
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

3. <u>Relief</u>

✓ Damages:
- ☐ Sought: $ _____
- ☐ Granted: $ _____
- ☐ Denied: $ _____

✓ Injunctions:
- ☐ Preliminary
- ✓ Permanent
- ☐ Denied

**PART C: NATURE OF SUIT (Check as many as apply)**

1. <u>Federal Statutes</u>

- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☐ Civil Rights
- ☐ Commerce, Energy
- ☐ Commodities
- ☐ Other (specify):
- ☐ Communications
- ☐ Consumer Protection
- ✓ Copyright ☐ Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

2. <u>Torts</u>

- ☐ Admiralty/ Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify):

3. <u>Contracts</u>

- ☐ Admiralty/ Maritime
- ☐ Arbitration
- ☐ Commercial
- ☐ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other

4. <u>Prisoner Petitions</u>

- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

5. <u>Other</u>

- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): _____
- ☐ Other (specify): _____

6. <u>General</u>

- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

7. Will appeal raise constitutional issue(s)?
- ☐ Yes ✔ No

Will appeal raise a matter of first impression?
- ✓ Yes ☐ No

1. Is any matter relative to this appeal still pending below? ✓ Yes, specify: <u>Proceeding against Defendants below</u> ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)    Arises from substantially the same case or controversy as this appeal? ☐ Yes ✔ No

    (B)    Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ✔ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

| Date:<br>**January 12, 2011** | Signature of Counsel of Record: |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $455 docketing fee to the Clerk of the United States District Court unless you are authorized to prosecute the appeal without payment.

    <u>**PLEASE NOTE:**</u> **IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

## ADDENDUM "A": SUBPARTS (1) AND (2)

(1)     <u>The Nature of the Action</u>

Plaintiffs-Appellants Software Freedom Conservancy, Inc. and Erik Andersen ("Appellants") filed a complaint in the United States District Court for the Southern District of New York against fourteen separate defendants for copyright infringement. After answering Appellants' Complaint and making initial disclosures, one of the fourteen defendants, Westinghouse Digital Electronics, LLC ("WDE"), ceased participation in the matter, as it had assigned its interests to a new entity, Credit Managers Association of California, d/b/a Credit Management Association ("CMA"). As a result of that transfer in interest, and a continuation of the copyright infringing activities of WDE by CMA, Appellants moved under Fed. R. Civ. P. 25(c) for joinder of CMA to this action.

(2)     <u>The Result Below</u>

By Opinion and Order dated November 29, 2010, the District Court denied Appellants' motion to join CMA.

**<u>ADDENDUM "A": SUBPART (3)</u>**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------------  X
SOFTWARE FREEDOM CONSERVANCY, INC. and    :
ERIK ANDERSEN,                            :        ECF CASE
                                          :
                     Plaintiffs,          :        09-CV-10155 (SAS)
          -against-                       :
                                          :
BEST BUY CO., INC., SAMSUNG ELECTRONICS   :
AMERICA, INC., WESTINGHOUSE DIGITAL       :
ELECTRONICS, LLC, JVC AMERICAS            :
CORPORATION, WESTERN DIGITAL              :
TECHNOLOGIES, INC., ROBERT BOSCH LLC,     :
PHOEBE MICRO, INC., HUMAX USA INC.,       :
COMTREND CORPORATION, DOBBS-STANFORD      :
CORPORATION, VERSA TECHNOLOGY INC.,       :
ZYXEL COMMUNICATIONS INC., ASTAK INC.,    :
and GCI TECHNOLOGIES CORPORATION,         :
                                          :
                     Defendants.          :
---------------------------------------------------------------------  X
```



FILED U.S. DC

DEC 29 2010

S.D. OF N.Y.

## PLAINTIFFS' NOTICE OF APPEAL

Notice is hereby given that SOFTWARE FREEDOM CONSERVANCY, INC. and ERIK ANDERSEN, Plaintiffs in the above-named case, hereby appeal to the United States Court of Appeals for the Second Circuit from the Opinion and Order of Judge Shira A. Scheindlin denying Plaintiffs' motion to join CREDIT MANAGERS ASSOCIATION OF CALIFORNIA as Defendant pursuant to Rule 25(c) of the Federal Rules of Civil Procedure entered in this action on November 29, 2010.

Dated: December 29, 2010
    New York, New York

Respectfully submitted,
SOFTWARE FREEDOM LAW CENTER, INC.

By: _Daniel B. Ravicher_

Daniel B. Ravicher (DR1498)
Aaron Williamson (AW1337)
Michael A. Spiegel (MS2309)
1995 Broadway, 17th Floor
New York, NY 10023-5882
Tel.: 212-580-0800
Fax.: 212-580-0898

Attorneys for Plaintiffs *Software Freedom Conservancy, Inc.* and *Erik Andersen*

TO:

Robert L. Weigel
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Credit Managers Association of California*

Barry M. Kazan
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY 10017
(212) 344-5680

*Attorneys for Westinghouse Digital, LLC*

David Leichtman
Robins, Kaplan, Miller & Ciresi, LLP (NYC)
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400

*Attorneys for Best Buy Co., Inc.*

Lynn Michelle Marvin
Jones Day (NYC)
222 East 41st Street
New York, NY 10017
(212)-326-3978

*Attorneys for Western Digital Technologies*

Andrew Kaver
LAW OFFICE OF ANDREW M. KAVER
32 Broadway, Suite 1710
New York, NY 10004
(212)-897-5803

*Attorneys for Pheobe Micro, Inc.*

Emily Bab Kirsch
Reed Smith (NYC)
599 Lexington Avenue
New York, NY 10022
(212)-521-5400

*Attorneys for ZYXEL Communications Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached PLAINTIFFS' NOTICE OF APPEAL

was served on the date indicated below by first class mail upon:

Robert L. Weigel
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Credit Managers Association of
California*

Barry M. Kazan
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY 10017
(212) 344-5680

*Attorneys for Westinghouse Digital, LLC*

David Leichtman
Robins, Kaplan, Miller & Ciresi, LLP (NYC)
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400

*Attorneys for Best Buy Co., Inc.*

Lynn Michelle Marvin
Jones Day (NYC)
222 East 41st Street
New York, NY 10017
(212)-326-3978

*Attorneys for Western Digital Technologies*

Andrew Kaver
LAW OFFICE OF ANDREW M. KAVER
32 Broadway, Suite 1710
New York, NY 10004
(212)-897-5803

*Attorneys for Pheobe Micro, Inc.*

Emily Bab Kirsch
Reed Smith (NYC)
599 Lexington Avenue
New York, NY 10022
(212)-521-5400

*Attorneys for ZYXEL Communications Inc.*

Dated: December 29, 2010

_____
Daniel B. Ravicher

Case 10-5290, Document 9, 01/12/2011, 185189, Page10 of 74

APPEAL, CASREF, ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:09-cv-10155-SAS

| | |
|---|---|
| Software Freedom Conservancy, Inc. v. Best Buy Co., Inc. et al | Date Filed: 12/14/2009 |
| Assigned to: Judge Shira A. Scheindlin | Jury Demand: Defendant |
| Referred to: Magistrate Judge Gabriel W. Gorenstein (Settlement) | Nature of Suit: 820 Copyright |
| Cause: 17:501 Copyright Infringement | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Software Freedom Conservancy, Inc.** | represented by | **Aaron Kyle Williamson** |

Software Freedom Law Center, Inc
1995 Broadway, 17th Fl.
New York, NY 10023
212 580 0800
Fax: (212)-580-0898
Email: aaronw@softwarefreedom.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Ben Ravicher**
Benjamin N. Cardozo School of Law
1995 Broadway
17th Floor
New York, NY 10023
212 580 0800
Fax: 212 580 0898
Email: ravicher@yu.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Spiegel**
Software Freedom Law Center [
1995 Broadway
New York, NY 10023
212 580 0800
Fax: (212)-580-0898
Email: mspiegel@softwarefreedom.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Case 10-5290, Document 9, 01/12/2011, 185189, Page11 of 74

**Mishi Choudhary**
Software Freedom Law Center,
Inc
1995 Broadway, 17th Fl.
New York, NY 10023
212 580 0800
Fax: (212)-580-0898
Email:
mishi@softwarefreedom.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Erik Andersen**                     represented by **Daniel Ben Ravicher**
                                                     Benjamin N. Cardozo School of
                                                     Law
                                                     55 Fifth Avenue
                                                     New York, NY 10003
                                                     (212) 790-0442
                                                     Fax: (212) 591-6038
                                                     Email: ravicher@yu.edu
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Best Buy Co., Inc.**                represented by **David Leichtman**
                                                     Robins, Kaplan, Miller & Ciresi,
                                                     LLP (NYC)
                                                     601 Lexington Avenue, Suite
                                                     3400
                                                     New York, NY 10022
                                                     (212) 980-7400
                                                     Fax: (212) 980-7499
                                                     Email: dleichtman@rkmc.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Emmett J. McMahon**
                                                     Robins Kaplan Miller &
                                                     Ciresi(MN)
                                                     800 La Salle Avenue, Ste. 2500
                                                     Minneapolis, MN 55402
                                                     (612) 349-8500
                                                     Fax: (612)-339-4181
                                                     Email: ejmcmahon@rkmc.com
                                                     *LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hillel Ira Parness**
Robins, Kaplan, Miller & Ciresi,
LLP
601 Lexington Avenue, Suite
3400
New York, NY 10022
(212) 980-7400
Fax: (212) 980-7499
Email: hiparness@rkmc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Simmons**
Simmons, Jannace, LLP
115 Eileen Way
Suite 103
Syosset, NY 11791-5314
516 357-8100
Fax: 516 357-8111
Email: ksimmons@sjslaw.com
*TERMINATED: 08/26/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Oren Dov Langer**
Robins, Kaplan, Miller & Ciresi,
LLP (NYC)
601 Lexington Avenue, Suite
3400
New York, NY 10022
(212) 935-4725
Fax: (212)-309-6001
Email: odlanger@rkmc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher K Larus**
Robins, Kaplan, Miller & Ciresi
L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
(612)-349-8500
Fax: (612)-339-4181
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason Wesley Creech**

Case 10-5290, Document 9, 01/12/2011, 185189, Page13 of 74

Simmons, Jannace, LLP
115 Eileen Way
Suite 103
Syosset, NY 11791-5314
(516) 357-8100
Fax: (516) 357-8111
Email: jcreech@sjslaw.com
*TERMINATED: 08/26/2010*

**Nicole E. Kopinski**
Robins, Kaplan, Miller & Ciresi
L.L.P. (MN)
2800 LaSalle Plaza, 800 LaSalle
Avenue
Minneapolis, MN 55402
(612) 349-8500
Fax: (612) 339-4181
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sharon E. Roberg-Perez**
Robins, Kaplan, Miller & Ciresi
L.L.P.
2800 Lasalle Plaza, 800 Lasalle
Avenue
Minneapolis, MN 55402
(612)-349-8500
Fax: (612)-339-4181
Email: seroberg-perez@rkmc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Samsung Electronics America, Inc.**
*TERMINATED: 05/11/2010*

represented by **Michael Maras Ratoza**
Bullivant Houser Bailey PC
888 S.W. Fifth Ave., Ste. 300
Portland, OR 97204
503 228 6351
Fax: 503 295 0915
Email:
michael.ratoza@bullivant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Westinghouse Digital Electronics, LLC**

represented by **Kyle Bradford Fleming**
Baker & Daniels
111 East Wayne Street,
Suite 800
Fort Wayne, IN 46802

Case 10-5290, Document 9, 01/12/2011, 185189, Page14 of 74

216-861-7374
Fax: 216-373-6557
Email: kfleming@rennerotto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Hawa Bawany Yousuf**
Balber, Pickard, Battistoni,
Maldonado, & Van Der Tuin
1370 Avenue of the Americas
New York, NY 10019
(212)-246-2400
Fax: (212)-765-4212
Email: syousuf@kanekessler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JVC Americas Corporation**          represented by **David Lawrence Yohai**
*TERMINATED: 12/13/2010*                              Weil, Gotshal & Manges LLP
                                                      (NYC)
                                                      767 Fifth Avenue, Suite 3358-2
                                                      New York, NY 10153
                                                      (212)3108000
                                                      Fax: (212) 310-8007
                                                      Email: david.yohai@weil.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David Efrem Yolkut**
                                                      Weil, Gotshal & Manges LLP
                                                      (NYC)
                                                      767 Fifth Avenue, Suite 3358-2
                                                      New York, NY 10153
                                                      (212)-310-8405
                                                      Fax: (212)-310-8007
                                                      Email: david.yolkut@weil.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Western Digital Technologies,**     represented by **Lynn Michelle Marvin**
**Inc.**                                              Jones Day (NYC)
                                                      222 East 41st Street
                                                      New York, NY 10017
                                                      (212)-326-3978
                                                      Fax: (212)-755-7306
                                                      Email: lmarvin@JonesDay.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Bosch LLC**
*TERMINATED: 09/13/2010*

represented by **Judith Shulman Roth**
Schiff Hardin LLP
900 Third Avenue
New York, NY 10022
(212)-753-5000
Fax: (212)-753-5044
Email: jroth@schiffhardin.com

**Defendant**

**Phoebe Micro, Inc.**

represented by **Andrew Kaver**
(212)-897-5803
Fax: (212)-897-5833
Email: andy@kaverlaw.com
*LEAD ATTORNEY*

**Defendant**

**Humax USA Inc.**
*TERMINATED: 06/23/2010*

represented by **Airina Lynn Rodrigues**
DLA Piper
1251 Avenue of The Americas
New York, NY 10020
(212)-335-4673
Fax: (917)-778-8673
Email:
airina.rodrigues@dlapiper.com
*LEAD ATTORNEY*

**Andrew Valentine**
DLA Piper LLP
2000 University Avenue
East Palo Alto, CA 94303
(650) 833-2065
Fax: (650) 687-1204
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eugene M. Pak**
DLA Piper US LLP (San
Francisco)
153 Townsend Street
Suite 800
San Francisco, CA 94107
(415836-2500
Fax: (415)836-2501
Email: eugene.pak@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Lawrence Deutsch**

Case 10-5290, Document 9, 01/12/2011, 185189, Page16 of 74

DLA Piper US LLP (NY)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500
Fax: (212) 335-4501
Email:
andrew.deutsch@dlapiper.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Comtred Corporation**          represented by **Emily Bab Kirsch**
*TERMINATED: 04/06/2010*                        Reed Smith (NYC)
                                                599 Lexington Avenue
                                                New York, NY 10022
                                                (212)-521-5400
                                                Fax: (212)-521-5450
                                                Email: ekirsch@reedsmith.com
                                                *LEAD ATTORNEY*

**Defendant**

**Dobbs-Stanford Corporation**   represented by **Justin F. Heinrich**
*TERMINATED: 05/12/2010*                        Proskauer Rose LLP (New York)
                                                Eleven Times Square
                                                New York, NY 10036
                                                (212)-969-3277
                                                Fax: (212)-969-2900
                                                Email: jheinrich@proskauer.com
                                                *TERMINATED: 08/18/2010*
                                                *LEAD ATTORNEY*

                                                **Michael T. Mervis**
                                                Proskauer Rose LLP (New York)
                                                Eleven Times Square
                                                New York, NY 10036
                                                (212) 969-3565
                                                Fax: (212)-969-2900
                                                Email: mmervis@proskauer.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Versa Technology Inc.**        represented by **Mark W. Yocca**
                                                The Yocca Law Firm LLP
                                                19900 MacArthur Blvd., Suite
                                                650
                                                Irvine, CA 92612
                                                (949) 253-0800
                                                *LEAD ATTORNEY*
                                                *PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Paul Kim**
The Yocca Law Firm LLP
19900 MacAruthur Blvd
Suite 650
Irnvine, CA 92612
(949)-253-0800
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Philippe Alain Zimmerman**
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
(212)554-7400 x7895
Fax: (212)554-7700
Email:
pzimmerman@mosessinger.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ZYXEL Communications Inc.**          represented by **Emily Bab Kirsch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shiou- Jin Christine Hwang Yang**
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suite
101-102
Fountain Valley, CA 92708
(714)-641-4022
Fax: (714)-641-2082
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Astak Inc.**                         represented by **Emily Bab Kirsch**
*TERMINATED: 09/08/2010*                              (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GCI Technologies Corporation**
*TERMINATED: 03/09/2010*

Case 10-5290, Document 9, 01/12/2011, 185189, Page18 of 74

**Defendant**

**Western Digital Corporation**     represented by **Ognjan Varbanov Shentov**
Jones Day (Cleveland )
901 Lakeside Avenue
Cleveland, OH 44114
(212)-326-3650
Fax: (212)-755-7306
Email: ovshentov@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lynn Michelle Marvin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stela Cristina Tipi**
Jones Day (NYC)
222 East 41st Street
New York, NY 10017
212 326 3939 326-8311
Fax: (212)-755-7306
Email: schincisan@jonesday.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Westinghouse Digital, LLC**

**Counter Defendant**

**Erik Andersen**     represented by **Daniel Ben Ravicher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Objector**

**Credit Managers Association of California**

**Counter Claimant**

**Best Buy Co., Inc.**     represented by **David Leichtman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emmett J. McMahon**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hillel Ira Parness**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. Simmons**
(See above for address)
*TERMINATED: 08/26/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Oren Dov Langer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher K Larus**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason Wesley Creech**
(See above for address)
*TERMINATED: 08/26/2010*
*ATTORNEY TO BE NOTICED*

**Sharon E. Roberg-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Software Freedom**            represented by **Daniel Ben Ravicher**
**Conservancy, Inc.**                          (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2009 | 1 R | COMPLAINT against Western Digital Technologies, Inc., Robert Bosch LLC, Phoebe Micro, Inc., Humax USA Inc., Comtred Corporation, Dobbs-Stanford Corporation, Versa Technology Inc., ZYXEL Communications Inc., Astak Inc., GCI Technologies Corporation, Best Buy Co., Inc., Samsung |

Case 10-5290, Document 9, 01/12/2011, 185189, Page20 of 74

| | | Electronics America, Inc., Westinghouse Digital Electronics, LLC, JVC Americas Corporation. (Filing Fee $ 350.00, Receipt Number 708298)Document filed by Software Freedom Conservancy, Inc..(rdz) (ama). (Entered: 12/14/2009) |
|---|---|---|
| 12/14/2009 | | SUMMONS ISSUED as to Western Digital Technologies, Inc., Robert Bosch LLC, Phoebe Micro, Inc., Humax USA Inc., Comtred Corporation, Dobbs-Stanford Corporation, Versa Technology Inc., ZYXEL Communications Inc., Astak Inc., GCI Technologies Corporation, Best Buy Co., Inc., Samsung Electronics America, Inc., Westinghouse Digital Electronics, LLC, JVC Americas Corporation. (rdz) (Entered: 12/14/2009) |
| 12/14/2009 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (rdz) (Entered: 12/14/2009) |
| 12/14/2009 | | Case Designated ECF. (rdz) (Entered: 12/14/2009) |
| 12/14/2009 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Software Freedom Conservancy, Inc..(rdz) (ama). (Entered: 12/14/2009) |
| 12/23/2009 | 3 | STIPULATION EXTENDING TIME, JVC Americas Corporation answer to complaint due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 12/23/09) (cd) (Entered: 12/28/2009) |
| 01/05/2010 | 4 | CERTIFICATE OF SERVICE. Astak Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Elliott Ning. Document filed by Software Freedom Conservancy, Inc.. (Williamson, Aaron) (Entered: 01/05/2010) |
| 01/05/2010 | 5 | CERTIFICATE OF SERVICE. Best Buy Co., Inc. served on 12/16/2009, answer due 1/6/2010. Service was accepted by Tom Harris, Counsel. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 6 | CERTIFICATE OF SERVICE. Dobbs-Stanford Corporation served on 12/17/2009, answer due 1/7/2010. Service was accepted by J. Fred Dobbs, CEO. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 7 | CERTIFICATE OF SERVICE. GCI Technologies Corporation served on 12/17/2009, answer due 1/7/2010. Service was accepted by Maria Comerci, Office Manager. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 8 | CERTIFICATE OF SERVICE. Humax USA Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Sally Weo, Managing Agent. Document filed by Humax USA Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |

Case 10-5290, Document 9, 01/12/2011, 185189, Page21 of 74

| 01/05/2010 | 9 | CERTIFICATE OF SERVICE. JVC Americas Corporation served on 12/17/2009, answer due 3/8/2010. Service was accepted by Teresa Charrkas, Legal Assistant. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 10 | CERTIFICATE OF SERVICE. Phoebe Micro, Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Flora Zheng, Operations Manager. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 11 | CERTIFICATE OF SERVICE. Robert Bosch LLC served on 12/17/2009, answer due 1/7/2010. Service was accepted by Cecille Martin, Assistant General Counsel. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 12 | CERTIFICATE OF SERVICE. Samsung Electronics America, Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Juli Askew, Paralegal. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 13 | CERTIFICATE OF SERVICE. Versa Technology Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Erica Yang, Office Manager. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 14 | CERTIFICATE OF SERVICE. ZYXEL Communications Inc. served on 12/23/2009, answer due 1/13/2010. Service was accepted by Hortensia Tafoalla, Managing Agent. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/06/2010 | 15 | NOTICE OF APPEARANCE by Emily Bab Kirsch on behalf of Comtred Corporation (Kirsch, Emily) (Entered: 01/06/2010) |
| 01/07/2010 | 16 | NOTICE OF APPEARANCE by Emily Bab Kirsch on behalf of ZYXEL Communications Inc. (Kirsch, Emily) (Entered: 01/07/2010) |
| 01/07/2010 | 17 | NOTICE OF APPEARANCE by Michael T. Mervis on behalf of Dobbs-Stanford Corporation (Mervis, Michael) (Entered: 01/07/2010) |
| 01/07/2010 | 18 | NOTICE OF APPEARANCE by Justin F. Heinrich on behalf of Dobbs-Stanford Corporation (Heinrich, Justin) (Entered: 01/07/2010) |
| 01/07/2010 | 19 R | STIPULATION AND ORDER EXTENDING TIME OF DEFENDANT GCI TECHNOLOGIES CORPORATION TO |

| | | |
|---|---|---|
| | | RESPOND TO THE COMPLAINT, GCI Technologies Corporation answer due 3/8/2010. No further extensions for this, or any defendant in this action, will be granted. (Signed by Judge Shira A. Scheindlin on 1/6/10) (cd) (Entered: 01/07/2010) |
| 01/08/2010 | 20 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - MOTION for Extension of Time to File Answer. Document filed by Best Buy Co., Inc. (Attachments: # 1 Stipulation)(Simmons, Kevin) Modified on 1/11/2010 (db). (Entered: 01/08/2010) |
| 01/08/2010 | 21 R | STIPULATION EXTENDING TIME: 1. The time for Comtrend to answer, move against, or otherwise respond to the Complaint is hereby extend to and including March 8, 2010. 2. Comtrend waives any Objection with respect to the service of process of the Complaint but otherwise reserves all of its defenses and objections. Comtred Corporation answer due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 1/8/10) (db). (Entered: 01/08/2010) |
| 01/08/2010 | 22 | STIPULATION EXTENDING TIME: 1. The time for ZYXEL Communications Inc. to answer, move against, or otherwise respond to the Complaint is hereby extend to and including March 8, 2010. 2. ZYXEL waives any Objection with respect to the service of process of the Complaint but otherwise reserves all of its defenses and objections. ZYXEL Communications Inc. Answer due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 1/7/10) (db) Modified on 1/8/2010 (db). (Entered: 01/08/2010) |
| 01/08/2010 | 23 | STIPULATION EXTENDING TIME: 1. The time for Dobbs-Stanford Corporation to answer, move against, or otherwise respond to the Complaint is hereby extend to and including March 8, 2010. 2. Dobbs-Stanford Corporation waives any Objection with respect to the service of process of the Complaint but otherwise reserves all of its defenses and objections. Dobbs-Stanford Corporation answer due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 1/7/10) (db) (Entered: 01/08/2010) |
| 01/08/2010 | 24 R | STIPULATION EXTENDING TIME FOR DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.: 1. The time for Samsung to answer, move against, or otherwise respond to theComplaint is hereby extended to and including March 8, 2010. 2. Samsung waives any objection with respect to the service of process of the Complaint, but otherwise reserves all of its defenses and objections. Samsung Electronics America, Inc. answer due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 1/7/10) (db) (Entered: 01/08/2010) |
| 01/08/2010 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 20 HAS BEEN REJECTED. Note to Attorney |

Case 10-5290, Document 9, 01/12/2011, 185189, Page23 of 74

| | | |
|---|---|---|
| | | Kevin P. Simmons : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (db) (Entered: 01/11/2010) |
| 01/11/2010 | 25 | CERTIFICATE OF SERVICE. Western Digital Technologies, Inc. served on 1/6/2010, answer due 1/27/2010. Service was accepted by Becky DeGeorge, Managing Agent. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/11/2010) |
| 01/11/2010 | 26 | CERTIFICATE OF SERVICE. Westinghouse Digital Electronics, LLC served on 1/6/2010, answer due 1/27/2010. Service was accepted by Ninh Ho, Client Rep. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/11/2010) |
| 01/11/2010 | 27 | CERTIFICATE OF SERVICE. Comtred Corporation served on 12/17/2009, answer due 3/8/2010. Service was accepted by John Castreje, General Manager. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/11/2010) |
| 01/11/2010 | 28 | STIPULATION EXTENDING TIME FOR DEFENDANT HUMAX USA INC. TO RESPOND TO COMPLAINT: Therefore, IT IS HEREBY STIPULATED, CONSENTED, AND AGREED by and between the undersigned parties, through their counsel, as follows:1. The time to Humax to file an Answer, to move against, or otherwise to respond to the Complaint is hereby extended to and including March 8, 2010. So Ordered (Signed by Judge Shira A. Scheindlin on 1/11/2010) (js) (Entered: 01/11/2010) |
| 01/15/2010 | 29 | STIPULATION that the time for Best Buy Co., Inc. to answer or move with regard to plaintiffs' complaint is hereby extended to and including 3/8/10. (Signed by Judge Shira A. Scheindlin on 1/15/10) (dle) (Entered: 01/15/2010) |
| 01/22/2010 | 30 R | STIPULATION: It is hereby stipulated and agreed that the time for Robert Bosch LLC to answer, move or otherwise respond to the complaint is extended to March 8, 2010. (Signed by Judge Shira A. Scheindlin on 1/22/2010) (jpo) (Entered: 01/25/2010) |
| 01/26/2010 | 31 | NOTICE OF APPEARANCE by Ognjan Varbanov Shentov on behalf of Western Digital Corporation (Shentov, Ognjan) (Entered: 01/26/2010) |
| 01/27/2010 | 32 | NOTICE OF APPEARANCE by Kyle Bradford Fleming on behalf of Westinghouse Digital Electronics, LLC (Fleming, Kyle) (Entered: 01/27/2010) |

Case 10-5290, Document 9, 01/12/2011, 185189, Page24 of 74

| 01/28/2010 | 33 ℝ | STIPULATION EXTENDING TIME, Westinghouse Digital Electronics, LLC answer to complaint due 3/8/2010. This extension does not alter any other date fixed by the Court, including the date of the initial conference. (Signed by Judge Shira A. Scheindlin on 1/28/10) (cd) (Entered: 01/29/2010) |
|---|---|---|
| 01/28/2010 | 34 ℝ | STIPULATION AND ORDER EXTENDING TIME FOR DEFENDANT WESTERN DIGITAL TECHNOLOGIES INC TO RESPOND TO THE COMPLAINT, Western Digital Technologies, Inc. Answer due 3/8/2010…This extension does not alter any other date fixed by the Court, including the initial conference date. (Signed by Judge Shira A. Scheindlin on 1/28/10) (cd) (Entered: 01/29/2010) |
| 02/01/2010 | 35 ℝ | ORDER FOR INITIAL PRETRIAL CONFERENCE: Initial Conference set for 2/22/2010 at 04:30 PM in Courtroom 15C, 500 Pearl Street, New York, NY 10007 before Judge Shira A. Scheindlin. (Signed by Judge Shira A. Scheindlin on 1/29/10) (djc) (Entered: 02/01/2010) |
| 02/02/2010 | 36 ℝ | NOTICE OF APPEARANCE by Emily Bab Kirsch on behalf of Astak Inc. (Kirsch, Emily) (Entered: 02/02/2010) |
| 02/02/2010 | 37 ℝ | NOTICE OF APPEARANCE by Lynn Michelle Marvin on behalf of Western Digital Corporation (Marvin, Lynn) (Entered: 02/02/2010) |
| 02/03/2010 | 38 | NOTICE OF APPEARANCE by David Lawrence Yohai on behalf of JVC Americas Corporation (Yohai, David) (Entered: 02/03/2010) |
| 02/05/2010 | 39 | NOTICE OF APPEARANCE by Airina Lynn Rodrigues on behalf of Humax USA Inc. (Rodrigues, Airina) (Entered: 02/05/2010) |
| 02/05/2010 | 40 | NOTICE OF APPEARANCE by Andrew Lawrence Deutsch on behalf of Humax USA Inc. (Deutsch, Andrew) (Entered: 02/05/2010) |
| 02/09/2010 | 41 | NOTICE OF APPEARANCE by Andrew Kaver on behalf of Phoebe Micro, Inc. (Kaver, Andrew) (Entered: 02/09/2010) |
| 02/11/2010 | 42 | ORDER GRANTING PRO HAC VICE ADMISSION: Attorney Andrew Valentine for Humax USA Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 2/11/2010) (tve) Modified on 2/11/2010 (tve). (Entered: 02/11/2010) |
| 02/11/2010 | 43 | ORDER GRANTING PRO HAC VICE ADMISSION: Attorney Eugene M. Pak for Humax USA Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 2/11/2010) (tve) (Entered: 02/11/2010) |
| 02/16/2010 | 44 | NOTICE OF APPEARANCE by David Efrem Yolkut on behalf of JVC Americas Corporation (Yolkut, David) (Entered: 02/16/2010) |

Case 10-5290, Document 9, 01/12/2011, 185189, Page25 of 74

| | | |
|---|---|---|
| 02/16/2010 | 45 | ORDER ADMITTING COUNSEL PRO HAC VICE: Attorney Michael M. Ratoza and Chad Colton for Samsung Electronics America, Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 2/16/2010) (tve) (Entered: 02/16/2010) |
| 02/16/2010 | 46 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Michael M. Ratoza and Chad Colton for Samsung Electronics America, Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 2/16/2010) (jmi) (Entered: 02/17/2010) |
| 02/17/2010 | 47 | ENDORSED LETTER addressed to Judge Shira A.Scheindlin from Eugene Pak dated 2/16/10 re: Request to appear by telephone at the 2/22/10 scheduling conference. ENDORSEMENT: Defendant's counsel's request to appear by telephone at the 2/22/10 conference is hereby granted. (Signed by Judge Shira A. Scheindlin on 2/16/10) (cd) (Entered: 02/17/2010) |
| 02/17/2010 | 48 | STIPULATION EXTENDING TIME, Astak Inc. answer to complaint due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 2/3/10) (cd) (Entered: 02/17/2010) |
| 02/18/2010 | 49 | STIPULATION; Versa Technology's time to answer or otherwise respond to the Complaint is adjourned to March 7, 2010. So Ordered. (Signed by Judge Shira A. Scheindlin on 2/17/2010) (tve) (Entered: 02/18/2010) |
| 02/18/2010 | 50 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from Michael M. Ratoza dated 2/17/2010 re: Primary outside counsel for defendant Samsung Electronics America, Inc. writes requesting to appear by telephone at the 2/22/2010 scheduling conference. ENDORSEMENT: Defendant Samsung Electronics America, Inc.'s request to appear by telephone at the 2/22/2010 conference is hereby granted. (Signed by Judge Shira A. Scheindlin on 2/17/2010) (tve) (Entered: 02/18/2010) |
| 02/19/2010 | 51 R | NOTICE OF APPEARANCE by Sarah Hawa Bawany Yousuf on behalf of Westinghouse Digital Electronics, LLC (Yousuf, Sarah) (Entered: 02/19/2010) |
| 02/19/2010 | | CASHIERS OFFICE REMARK on 42 Order Admitting Attorney Pro Hac Vice, 43 Order Admitting Attorney Pro Hac Vice in the amount of $50.00, paid on 02/16/2010, Receipt Number 894293. (jd) (Entered: 02/19/2010) |
| 02/22/2010 | 52 | STIPULATION EXTENDING TIME: The time for Phoebe to answer, move against, or otherwise respond to the Complaint is hereby extended to and including 3/15/2010. Phoebe waives any objection with respect to the service of process of the Complaint, but otherwise reserves all of its defenses and objections. Phoebe Micro, Inc. answer due 3/15/2010. (Signed by Judge Shira A. Scheindlin on 2/19/2010) (tro) (Entered: 02/22/2010) |

Case 10-5290, Document 9, 01/12/2011, 185189, Page26 of 74

| | | |
|---|---|---|
| 02/22/2010 | 53 R | SCHEDULING ORDER: Depositions of fact witnesses to be completed by 12/17/2010. Initial disclosures by 3/8/2010. The parties will serve initial requests for production of documents by 3/22/2010. Initial expert reports due 2/11/2011. Rebuttal expert reports due 3/11/2011. Each expert's deposition will be completed by 4/15/2011. Fact discovery to be completed by 12/17/2010. Expert discovery to be completed by 4/15/2011. Final pre-trial conference: 1/6/2011 at 4:30. Counsel for the parties have conferred and their present best estimate of the length of trial is fifteen (15) days. Certain Defendants contemplate that they may request a jury trial. (Signed by Judge Shira A. Scheindlin on 2/22/2010) (jfe) (Entered: 02/23/2010) |
| 02/22/2010 | 54 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Settlement. Referred to Magistrate Judge Gabriel W. Gorenstein. May would be best. (Signed by Judge Shira A. Scheindlin on 2/22/2010) (jfe) (Entered: 02/23/2010) |
| 02/24/2010 | | CASHIERS OFFICE REMARK on 46 Order Admitting Attorney Pro Hac Vice in the amount of $50.00, paid on 02/18/2010, Receipt Number 894443. (jd) (Entered: 02/24/2010) |
| 03/02/2010 | 55 | NOTICE OF APPEARANCE by Philippe Alain Zimmerman on behalf of Versa Technology Inc. (Zimmerman, Philippe) (Entered: 03/02/2010) |
| 03/03/2010 | 56 | NOTICE OF APPEARANCE by David Leichtman on behalf of Best Buy Co., Inc. (Leichtman, David) (Entered: 03/03/2010) |
| 03/03/2010 | 57 | NOTICE OF APPEARANCE by Hillel Ira Parness on behalf of Best Buy Co., Inc. (Parness, Hillel) (Entered: 03/03/2010) |
| 03/03/2010 | 58 | NOTICE OF APPEARANCE by Oren Dov Langer on behalf of Best Buy Co., Inc. (Langer, Oren) (Entered: 03/03/2010) |
| 03/04/2010 | 59 | NOTICE OF APPEARANCE by Jason Wesley Creech on behalf of Best Buy Co., Inc. (Attachments: # 1 Certificate of Service) (Creech, Jason) (Entered: 03/04/2010) |
| 03/05/2010 | 60 | STIPULATED ORDER FOR EXTENSION OF TIME FOR DEFENDANT SAMSUNG ELECTGRONICS AMERICA, INC. ("SAMSUNG") TO FILE ITS ANSWER, FOR PLAINTIFFS AND SAMSUNG TO SERVE THEIR INITIAL DISCLOSURES AND TO MAKE INITIAL DISCOVERY REQUESTS: Samsung shall file its answer in this cause to March 22, 2010 from the current due date of 3/8/10. Plaintiffs and defendant Samsung agree to extend the date for their exchange of initial disclosures to 3/22/10 from the current due date of 3/22/10 and further stipulate and agree to extend the date by two weeks to 4/5/10 for them to make initial discovery requests of one anther. (Signed by Judge Shira A. Scheindlin on 3/5/10) (dle) (Entered: |

| | | 03/08/2010) |
|---|---|---|
| 03/08/2010 | 61 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Nexis, Inc. as Corporate Parent. Document filed by Westinghouse Digital Electronics, LLC.(Fleming, Kyle) (Entered: 03/08/2010) |
| 03/08/2010 | 62 | ANSWER to Complaint with JURY DEMAND. Document filed by Westinghouse Digital Electronics, LLC.(Fleming, Kyle) (Entered: 03/08/2010) |
| 03/08/2010 | 63 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Best Buy Co., Inc..(Leichtman, David) (Entered: 03/08/2010) |
| 03/08/2010 | 64 R | ANSWER to Complaint with JURY DEMAND., COUNTERCLAIM against all plaintiffs. Document filed by Best Buy Co., Inc..(Leichtman, David) (Entered: 03/08/2010) |
| 03/08/2010 | 65 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Robert Bosch North America Corporation, Robert Bosch Industrieanlagen GmbH and Robert Bosch GmbH as Corporate Parent. Document filed by Robert Bosch LLC.(Roth, Judith) (Entered: 03/08/2010) |
| 03/08/2010 | 66 | ANSWER to Complaint with JURY DEMAND. Document filed by Versa Technology Inc..(Zimmerman, Philippe) (Entered: 03/08/2010) |
| 03/08/2010 | 67 | ANSWER to Complaint. Document filed by Robert Bosch LLC.(Roth, Judith) (Entered: 03/08/2010) |
| 03/08/2010 | 68 | RULE 26 DISCLOSURE.Document filed by Robert Bosch LLC.(Roth, Judith) (Entered: 03/08/2010) |
| 03/08/2010 | 69 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Victor Company of Japan, Limited as Corporate Parent. Document filed by JVC Americas Corporation.(Yohai, David) (Entered: 03/08/2010) |
| 03/08/2010 | 70 | ANSWER to Complaint. Document filed by JVC Americas Corporation.(Yohai, David) (Entered: 03/08/2010) |
| 03/08/2010 | 71 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Versa Technology Inc..(Zimmerman, Philippe) (Entered: 03/08/2010) |
| 03/08/2010 | 72 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. no Corporate Parent. Document filed by Dobbs-Stanford Corporation.(Heinrich, Justin) (Entered: 03/08/2010) |
| 03/08/2010 | 73 | ANSWER to Complaint. Document filed by Dobbs-Stanford Corporation.(Heinrich, Justin) (Entered: 03/08/2010) |

Case 10-5290, Document 9, 01/12/2011, 185189, Page28 of 74

| | | |
|---|---|---|
| 03/08/2010 | 74 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Western Digital Corporation as Corporate Parent. Document filed by Western Digital Technologies, Inc..(Marvin, Lynn) (Entered: 03/08/2010) |
| 03/08/2010 | 75 | ANSWER to Complaint with JURY DEMAND. Document filed by Comtred Corporation. (Attachments: # 1 Certificate of Service) (Kirsch, Emily) (Entered: 03/08/2010) |
| 03/08/2010 | 76 | ANSWER to Complaint with JURY DEMAND. Document filed by Astak Inc.. (Attachments: # 1 Certificate of Service)(Kirsch, Emily) (Entered: 03/08/2010) |
| 03/08/2010 | 77 | ANSWER to Complaint with JURY DEMAND. Document filed by ZYXEL Communications Inc.. (Attachments: # 1 Certificate of Service)(Kirsch, Emily) (Entered: 03/08/2010) |
| 03/08/2010 | 78 | ANSWER to Complaint with JURY DEMAND. Document filed by Western Digital Technologies, Inc..(Marvin, Lynn) (Entered: 03/08/2010) |
| 03/08/2010 | 79 | ANSWER to Complaint with JURY DEMAND. Document filed by Humax USA Inc..(Pak, Eugene) (Entered: 03/08/2010) |
| 03/08/2010 | 80 | ANSWER to Counterclaim. Document filed by Humax USA Inc..(Pak, Eugene) (Entered: 03/08/2010) |
| 03/09/2010 | 81 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Comtrend Corporation Taiwan as Corporate Parent. Document filed by Comtred Corporation.(Kirsch, Emily) (Entered: 03/09/2010) |
| 03/09/2010 | 82 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Astak Inc..(Kirsch, Emily) (Entered: 03/09/2010) |
| 03/09/2010 | 83 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying ZyXEL Communications Corporation as Corporate Parent. Document filed by ZYXEL Communications Inc..(Kirsch, Emily) (Entered: 03/09/2010) |
| 03/09/2010 | 84 | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1) (A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed without prejudice against the defendant(s) GCI Technologies Corporation. (Signed by Judge Shira A. Scheindlin on 3/9/2010) (jpo) (Entered: 03/09/2010) |
| 03/16/2010 | 85 | STIPULATION EXTENDING TIME CONSENTED AND AGREED by and between the undersigned parties, through their counsel, as follows: The time for Phoebe to answer, move against, or otherwise respond to the Complaint is hereby extended to and including April 15, 2010. The time for Phoebe |

Case 10-5290, Document 9, 01/12/2011, 185189, Page29 of 74

| | | |
|---|---|---|
| | | to file initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedures is extended to April 29, 2010. The time for the parties to serve their initial request for production of documents is extended to May 21, 2010. All other dates in the Court;s Scheduling Order dated February 22, 2010 (Doc. No. 53), except as modified above, shall apply. Phoebe waives any objection with respect to the services of process of the Complaint, but otherwise reserves all of its defenses and objections. SO ORDERED Phoebe Micro, Inc. answer due 4/15/2010. (Signed by Judge Shira A. Scheindlin on 3/16/2010) (jmi) (Entered: 03/17/2010) |
| 03/18/2010 | 86 | STIPULATION ORDER FOR EXTENSION OF TIME FOR DEFENDANT BEST BUY CO. INC. AND PLAINTIFFS TO MAKE THEIR INITIAL DISCOVERY REQUESTS: The plaintiffs and Defendant Best Buy stipulate and agree to a reasonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant Best Buy to make their initial discovery requests of one other. So Ordered (Signed by Judge Shira A. Scheindlin on 3/17/2010) (js) (Entered: 03/18/2010) |
| 03/18/2010 | 87 | STIPULATED ORDER FOR AN EXTENSION OF TIME FOR PLAINTIFFS AND DEFENDANT WESTERN DIGITAL TECHNOLOGIES, INC. TO MAKE INITIAL DISCOVERY REQUESTS: Plaintiffs and Defendant WDT stipulate and agree to a reasonable three week extension of time for the Plaintiffs and Defendant WDT to make initial discovery requests of one another from the current due date of March 22, 2010 to April 12, 2010 No other extension of this date has been previously sought by WDT for these discovery requests. Plaintiffs have sought and were granted an extension of the time to serve initial discovery requests on Defendants Samsung Electronics America, Inc. and Phoebe Micro, Inc. So Ordered (Signed by Judge Shira A. Scheindlin on 3/17/2010) (js) Modified on 4/6/2010 (js). (Entered: 03/18/2010) |
| 03/19/2010 | 88 | STIPULATED ORDER EXTENDING TIME FOR PLAINTIFFS AND DEFENDANT HUMAX USA, INC. TO SERVE INITIAL DOCUMENT REQUESTS: It appearing that Plaintiffs and Defendant Humax USA, Inc. have been engaged in good faith settlement negotiations, and these parties have been unable to complete settlement due to the need for additional time to investigate certain complex issues regarding software code: and that Humax's parent company's location in Korea has added to a geographical and language challenge that has contributed to the need for additional time to complete the software code investigation for settlement, and the parties believe that their time, attention, and resources are best focused at this time on complete tasks needed for settlement, the Plaintiffs and Defendant Humax USA, Inc. stipulate and agree to a four-week extension of time to serve initial |

| | | |
|---|---|---|
| | | documents requests on one another from the current deadline of March 22, 2010 to and including April 12, 2010. Humax USA, Inc. has already answered the Complaint, and the parties have already exchanged initial disclosures. Other deadlines set forth in the Court's Scheduling Order shall remain unchanged. (Signed by Judge Shira A. Scheindlin on 3/19/2010) (jfe) (Entered: 03/19/2010) |
| 03/23/2010 | 89 | STIPULATED ORDER EXTENDING TIME FOR PLAINTIFFS AND DEFENDANT DOBBS-STANFORD CORPORATION TO SERVE INITIAL DOCUMENT REQUESTS: Plaintiffs and Defendant DSC stipulate and agree to a three week extension of time to serve initial documents requests on one another from the current deadline of March 22, 2010 to and including April 12, 2010. DSC has already answered the Complaint and the parties have already exchanged initial disclosures. Other deadlines set forth in the Court's Scheduling Order shall remain unchanged. ENDORSEMENT: No further extensions. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) Modified on 4/6/2010 (js). (Entered: 03/23/2010) |
| 03/23/2010 | 90 | STIPULATION AND ORDER EXTENDING TIME FOR PLAINTIFFS AND DEFENDANT JVC AMERICAS CORP. TO SERVE INITIAL DOCUMENT REQUESTS:It appearing that Plaintiffs and defendant JVC Americas Corporation ("JVC") have been engaged in good-faith settlement negotiations, and that these parties have been unable to complete settlement due to the need for additional time to investigate and resolve certain issues,and the parties believe that their time, attention and resources are best focused at this time on tasks related to settlement, the Plaintiffs and JVC stipulate and agree to a four-week extension of time to serve initial document requests on one another form the current deadline of March 22, 2010 to and including April 19, 2010. JVC has already answered Plaintiffs' Complaint, and the parties have already exchanged initial disclosures. Other deadlines in the Court's Scheduling Order (Docket No. 53) remain unchanged. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) Modified on 4/6/2010 (js). (Entered: 03/23/2010) |
| 03/23/2010 | 91 | STIPULATION EXTENDING TIME: It appearing that plaintiffs and Defendant Astak. Inc. ("Astak") have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time. attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant Astak stipulate and agree to a reasonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and |

Case 10-5290, Document 9, 01/12/2011, 185189, Page31 of 74

| | | Defendant Astak to make their initial discovery requests of one another. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) Modified on 4/6/2010 (js). (Entered: 03/23/2010) |
|---|---|---|
| 03/23/2010 | 92 | STIPULATION EXTENDING TIME: It appearing that Plaintiffs and Defendant Astak. Inc. ("Astak") have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time. attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant Astak stipulate and agree to are asonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant Astak to make their initial discovery requests of one another. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) (Entered: 03/23/2010) |
| 03/23/2010 | 93 | STIPULATION EXTENDING TIME: It appearing that Plaintiffs and Defendant Comtrend Corporation ("Comtrend") have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time, attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant Comtrend stipulate and agree to a reasonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant Comtrend to make their initial discovery requests of one another. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) (Entered: 03/23/2010) |
| 03/23/2010 | 94 | STIPULATION EXTENDING TIME: It appearing that Plaintiffs and,Defendant ZyXEL Communications Inc. Corporation(ZyXEL") have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time, attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant ZyXEL stipulate and agree to a reasonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant ZyXEL to make their initial discovery requests of one another. (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) (Entered: 03/23/2010) |
| 03/23/2010 | 95 | STIPULATED ORDER FOR FURTHER EXTENSION OF TIME FOR DEFENDANT SAMSUNG ELECTRONICS AMERICA,INC. |

Case 10-5290, Document 9, 01/12/2011, 185189, Page32 of 74

|  |  |  |
|---|---|---|
|  |  | (SAMSUNG) TO FILE ITS ANSWER, FOR PLAINTIFFS AND SAMSUNG TO SERVE THEIR INITIAL DISCLOSURES AND TO MAKE INITIAL DISCOVERY REQUESTS. The plaintiffs and Defendant Samsung stipulate and agree to a further reasonable two week extension of time for Samsung to file its answer in this cause to April 5, 2010 from the current date of March 2, 2010. In addition, the Plaintiffs and Defendant Samsung for the same reasons stipulate and agree to extend the date for their exchange of initial disclosures to April 5, 2010 from the current date of March 22, 2010, and further stipulate and agree to extend the date by two weeks to April 19, 2010 for them to make initial discovery requests of one another. (Signed by Judge Shira A. Scheindlin on 3/22/10) (djc) (Entered: 03/24/2010) |
| 03/23/2010 |  | Set Deadlines/Hearings:Samsung Electronics America, Inc. answer due 4/5/2010. (djc) (Entered: 03/24/2010) |
| 03/24/2010 | 96 | STIPULATION. It appearing that Plaintiffs and Defendant Robert Bosch LLC have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time, attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant Robert Bosch LLC Best Buy stipulate and agree to a reasonable three-week extension of time, from March 22, 2010 to April 12, 2010, for the Plaintiffs and Defendant Robert Bosch LLC to make their initial discovery requests of one another. Neither Plaintiff nor Defendant Robert Bosch LLC has sought a previous extension of this deadline. Both have served their initial disclosures pursuant to Rule 26(A) and Defendant Robert Bosch LLC has served and filed its Answer, all in timely fashion. (Signed by Judge Shira A. Scheindlin on 3/23/10) (djc) Modified on 3/30/2010 (djc). (Entered: 03/24/2010) |
| 03/29/2010 | 97 | ANSWER to Counterclaim. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) (Entered: 03/29/2010) |
| 03/30/2010 | 98 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Paul Kim for Versa Technology Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 3/30/2010) (jmi) (Entered: 03/30/2010) |
| 03/30/2010 | 99 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Mark W. Yocca for Versa Technology Inc. admitted Pro Hac Vice. SO ORDERED (Signed by Judge Shira A. Scheindlin on 3/30/2010) (jmi) (Entered: 03/30/2010) |

Case 10-5290, Document 9, 01/12/2011, 185189, Page33 of 74

| 04/02/2010 | 100 | NOTICE OF APPEARANCE by Stela Cristina Tipi on behalf of Western Digital Corporation (Tipi, Stela) (Entered: 04/02/2010) |
|---|---|---|
| 04/05/2010 | 101 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Samsung Electronics Co., Ltd. as Corporate Parent. Document filed by Samsung Electronics America, Inc..(Ratoza, Michael) (Entered: 04/05/2010) |
| 04/05/2010 | 102 | ANSWER to Complaint with JURY DEMAND. Document filed by Samsung Electronics America, Inc..(Ratoza, Michael) (Entered: 04/05/2010) |
| 04/06/2010 | 103 | STIPULATION OF DISMISSAL: Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen and Defendant Comtrend Corporation hereby stipulate to dismiss defendant Comtrend Corporation from this action WITHOUT PREJUDICE, and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 4/6/2010) (tro) (Entered: 04/07/2010) |
| 04/14/2010 | | CASHIERS OFFICE REMARK on 99 Order Admitting Attorney Pro Hac Vice, 98 Order Admitting Attorney Pro Hac Vice in the amount of $50.00, paid on 03/30/2010, Receipt Number 899213. (jd) (Entered: 04/14/2010) |
| 04/22/2010 | 104 R | ORDER SCHEDULING SETTLEMENT CONFERENCE: Settlement Conference set for 5/11/2010 at 02:30 PM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Gabriel W. Gorenstein. (Signed by Magistrate Judge Gabriel W. Gorenstein on 4/22/2010) (tve) (Entered: 04/22/2010) |
| 04/28/2010 | 105 | ENDORSED LETTER: addressed to Magistrate Judge Gabriel W. Gorenstein from David L. Yohai dated 4/26/2010 re: The parties hereby request that the settlement conference in this action currently scheduled for 5/11/2010, be adjourned until June 29, 2010 at 2:30 p.m. which was a date and time provided by the Court's Deputy Clerk. ENDORSEMENT: Granted. Letters due June 24, 2010. So Ordered. ( Settlement Conference set for 6/29/2010 at 02:30 PM before Magistrate Judge Gabriel W. Gorenstein.) (Signed by Magistrate Judge Gabriel W. Gorenstein on 4/26/2010) (js) Modified on 5/6/2010 (js). (Entered: 04/28/2010) |
| 04/30/2010 | 106 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Emmett J. McMahon for Best Buy Co., Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 4/30/2010) (jpo) (Entered: 04/30/2010) |
| 04/30/2010 | 107 | ORDER FOR ADMISSION PRO HAC VICE: It is hereby ordered that Sharon E. Roberg-Perez is admitted to practice pro hac vice as counsel for Best Buy Co., in this action. (Signed by |

Case 10-5290, Document 9, 01/12/2011, 185189, Page34 of 74

| | | |
|---|---|---|
| | | Judge Shira A. Scheindlin on 4/30/2010) (jpo) (Entered: 04/30/2010) |
| 05/04/2010 | 108 | ENDORSED LETTER addressed to Judge Shira A.Scheindlin from Daniel Ravicher dated 5/3/10 re: Request for a premotion conference to discuss summary judgment motion. ENDORSEMENT: Plaintiffs' request for a premotion conference is hereby granted. A conference is scheduled for 5/20/10. ( Pre-Motion Conference set for 5/20/2010 at 11:00 AM before Judge Shira A. Scheindlin.) (Signed by Judge Shira A. Scheindlin on 5/4/10) (cd) (Entered: 05/05/2010) |
| 05/11/2010 | 109 | STIPULATION OF DISMISSAL of action as against Samsung Electronics America, WITHOUT PREJUDICE, and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 5/10/10) (djc) (Entered: 05/11/2010) |
| 05/12/2010 | 110 | STIPULATION OF DISMISSAL: Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen and Defendant Samsung Electronics America, Inc., ("Samsung") hereby stipulate to dismiss defendant Samsung from this action WITHOUT PREJUDICE, and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 5/12/2010) (jfe) (Entered: 05/12/2010) |
| 05/12/2010 | 111 | ORDER OF DISMISSAL Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen and Defendant Dobbs-Stanford Corporation ("OSC") hereby stipulate to dismiss defendant DSC from this action WITHOUT PREJUDICE and without costs to any party. Plaintiffs maintain this action against all other defendants. SO ORDERED. (Signed by Judge Shira A. Scheindlin on 5/12/2010) (jmi) (Entered: 05/13/2010) |
| 06/03/2010 | 112 ℝ | MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC.*, MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*( Responses due by 6/17/2010) Document filed by Software Freedom Conservancy, Inc., Erik Andersen.(Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 113 ℝ | MEMORANDUM OF LAW in Support re: 112 ℝ MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC*. MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 114 | RULE 56.1 STATEMENT. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Ravicher, Daniel) (Entered: 06/03/2010) |

Case 10-5290, Document 9, 01/12/2011, 185189, Page35 of 74

| | | |
|---|---|---|
| 06/03/2010 | 115 | DECLARATION of Erik Andersen in Support re: 112 R MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC*. MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 116 R | DECLARATION of Bradley M. Kuhn in Support re: 112 R MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC*. MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 117 | DECLARATION of Daniel B. Ravicher in Support re: 112 R MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC*. MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/08/2010 | 118 | TRANSCRIPT of proceedings held on 5/20/2010 before Judge Shira A. Scheindlin. (ab) (Entered: 06/09/2010) |
| 06/14/2010 | 122 | MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice. Document filed by ZYXEL Communications Inc.(mro) (Entered: 06/21/2010) |
| 06/18/2010 | 119 | NOTICE OF APPEARANCE by Sharon E. Roberg-Perez on behalf of Best Buy Co., Inc. (Roberg-Perez, Sharon) (Entered: 06/18/2010) |
| 06/18/2010 | 120 | NOTICE OF APPEARANCE by Emmett J. McMahon on behalf of Best Buy Co., Inc. (McMahon, Emmett) (Entered: 06/18/2010) |
| 06/18/2010 | 121 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from Kyle B. Fleming dated 6/16/2010 re: Counsel for Westinghouse seek permission from the Court to file a motion to withdraw, as Westinghouse has been liquidated under California law, and its trustee has terminated their representation. ENDORSEMENT: Counsel for Westinghouse's request to file a motion to withdraw is hereby granted. SO ORDERED. (Signed by Judge Shira A. Scheindlin on 6/17/2010) (tve) (Entered: 06/18/2010) |
| 06/23/2010 | 123 R | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, without prejudice against the defendant(s) Humax USA Inc. and without costs to either party |

| | | |
|---|---|---|
| | | pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Software Freedom Conservancy, Inc., Erik Andersen.(Williamson, Aaron) (Entered: 06/23/2010) |
| 06/24/2010 | | CASHIERS OFFICE REMARK on 122 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 06/14/2010, Receipt Number 906190. (jd) (Entered: 06/24/2010) |
| 06/24/2010 | 124 | MOTION to Withdraw 122 MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice.. Document filed by ZYXEL Communications Inc..(Kirsch, Emily) (Entered: 06/24/2010) |
| 06/24/2010 | 125 | ORDER FOR ADMISSION PRO HAC VICE ON WRITTEN REQUEST granting 122 Motion for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 6/24/2010) (jpo) (Entered: 06/24/2010) |
| 06/24/2010 | 126 R | STIPULATION OF DISMISSAL: Plaintiffs Software Freedom Conservancy, Inc. and Erik Anderson and Defendant Humax, USA, Inc., hereby stipulate to dismiss defendant Humax from this action without prejudice and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 6/24/2010) (jpo) (Entered: 06/24/2010) |
| 06/29/2010 | 127 R | MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney. Document filed by Westinghouse Digital Electronics, LLC.(Fleming, Kyle) (Entered: 06/29/2010) |
| 06/29/2010 | 128 R | MEMORANDUM OF LAW in Support re: 127 R MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney.. Document filed by Westinghouse Digital Electronics, LLC. (Fleming, Kyle) (Entered: 06/29/2010) |
| 06/29/2010 | 129 R | DECLARATION of Jay R. Campbell in Support re: 127 R MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney.. Document filed by Westinghouse Digital Electronics, LLC. (Attachments: # 1 Exhibit A to Declaration, # 2 Exhibit to Declaration, # 3 Exhibit C to Declaration)(Fleming, Kyle) (Entered: 06/29/2010) |
| 06/29/2010 | | Minute Entry for proceedings held before Magistrate Judge Gabriel W. Gorenstein: Settlement Conference held on 6/29/2010. (mbe) (Entered: 07/01/2010) |
| 07/02/2010 | 130 R | MEMORANDUM OF LAW in Opposition re: 127 R MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney.. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Ravicher, Daniel) (Entered: 07/02/2010) |
| 07/27/2010 | 131 R | OPINION AND ORDER granting # 99231 re: 112 R MOTION for Default Judgment as to *Westinghouse Digital Electronics,* |

| | | |
|---|---|---|
| | | *LLC.* MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC*, filed by Erik Andersen, Software Freedom Conservancy, Inc., 127 **R** MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney, filed by Westinghouse Digital Electronics, LLC. Plaintiffs' motion for a default judgment against Westinghouse is granted. Accordingly, the Court need not address Plaintiffs' motion for summary judgment. Plaintiffs are directed to submit a fee application by 8/6/10. The Clerk of Court is directed to close the motion to withdraw Renner, Otto, Boisselle & Sklar and Kane Kessler as counsel for Westinghouse (Docket no. 127). (Signed by Judge Shira A. Scheindlin on 7/27/10) (cd) Modified on 7/29/2010 (ajc). (Entered: 07/27/2010) |
| 08/02/2010 | 132 **R** | ORDER: On July 27, 2010, attorneys for Plaintiffs wrote a letter to the Court requesting $47,010 in attorneys' fees and $675 in other costs*. Because I find that these fees and costs are reasonable in light of the attorneys' technical expertise in the field, Westinghouse is ordered to pay Plaintiffs a total of$47,685. * - (Plaintiffs calculated their costs and attorneys' fees as follows. Lead counsel Daniel Ravicher worked 54.2 hours in connection with Plaintiffs' motion for a default judgment at a rate of $550 per hour. Associate counsels Aaron Williamson and Michael Spiegel worked one hour and forty-two hours, respectively, at a rate of four hundred dollars per hour. All three attorneys have legal and technical expertise in the area of software-related copyright law. The additional $675 was for experts' fees.) (Signed by Judge Shira A. Scheindlin on 8/2/10) (db) (Entered: 08/02/2010) |
| 08/09/2010 | 133 **R** | MOTION for Joinder. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) (Entered: 08/09/2010) |
| 08/09/2010 | 134 **R** | MEMORANDUM OF LAW in Support re: 133 **R** MOTION for Joinder.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 08/09/2010) |
| 08/09/2010 | 135 | DECLARATION of Daniel B. Ravicher in Support re: 133 **R** MOTION for Joinder.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ravicher, Daniel) (Entered: 08/09/2010) |
| 08/13/2010 | 136 **R** | STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION regarding procedures to be followed that shall govern the handling of confidential material. (Signed by Judge Shira A. Scheindlin on 8/13/10) (rjm) (Entered: 08/16/2010) |
| 08/16/2010 | 137 **R** | ENDORSED LETTER addressed to Judge Shira Scheindlin from Daniel B. Ravicher dated 8/16/10 re: At your request, |

| | | |
|---|---|---|
| | | Plaintiffs have communicated with counsel for both parties and arrived at the following briefing schedule for the motion: (i) opposition briefs by CMA and Successor WD due by September 20; and, (ii) reply brief by plaintiffs due by October 4. ENDORSEMENT: Opposition brief to Plaintiffs joinder motion are due by September 20, 2010. Plaintiffs reply brief is due by October 4, 2010. Defendant CMAs proposal to attach various conditions to the briefing schedule is hereby denied by the Court in its entirety. SO ORDERED. ( Responses due by 9/20/2010, Replies due by 10/4/2010.) (Signed by Judge Shira A. Scheindlin on 8/16/2010) (jmi) (Entered: 08/17/2010) |
| 08/17/2010 | 138 ℝ | CERTIFICATE OF SERVICE of Motion to Join Successors in Interest served on Westinghouse Digital, LLC on 8/10/2010. Service was accepted by Glenda Hallett, Managing Agent (Paracorp, Inc.). Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 08/17/2010) |
| 08/17/2010 | 139 ℝ | CERTIFICATE OF SERVICE of Motion to Join Successors in Interest of Westinghouse Digital Electronics, LLC served on Credit Managers Ass'n of California on 8/10/2010. Service was accepted by Michael Jonich, Office Manager. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 08/17/2010) |
| 08/17/2010 | 140 ℝ | CERTIFICATE OF SERVICE of Motion to Join Successors in Interest of Westinghouse Digital Electronics, LLC served on Westinghouse Digital, LLC on 8/10/2010. Service was accepted by Arthur Moore, Managing Agent. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 08/17/2010) |
| 08/18/2010 | 141 ℝ | MEMO ENDORSEMENT on NOTICE OF WITHDRAWAL AND REQUEST FOR REMOVAL FROM DOCKET that Justin F. Heinrich no longer represents Dobbs-Stanford Corporation, a former defendant in the captioned matter, and hereby withdraws his Notice of Appearance and requests removal of his name from the docket. ENDORSEMENT: SO ORDERED. (Signed by Judge Shira A. Scheindlin on 9/3/10) (cd) (Entered: 08/18/2010) |
| 08/26/2010 | 142 ℝ | STIPULATION TO WITHDRAW AS COUNSEL AND AGREED, between Simmons Jannace and Robins Kaplan, as attorneys for Best Buy, that Simmons Jannace is hereby relieved as counsel of record for Best Buy and that the appearances of Kevin P. Simmons and Jason W. Creech of Simmons Jannace as counsel of record for Best Buy are hereby withdrawn; and IT IS FURTHER STIPULATED AND AGREED, that this Stipulation may be executed in counterparts, any of which may be transmitted by facsimile and each of which when so executed and delivered shall be deemed an original, with all |

Case 10-5290, Document 9, 01/12/2011, 185189, Page39 of 74

| | | | |
|---|---|---|---|
| | | | which shall together constitute one and the same agreement. (Signed by Judge Shira A. Scheindlin on 8/26/2010) (jmi) (Entered: 08/27/2010) |
| 09/07/2010 | 143 R | | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Nicole E. Kopinski for Best Buy Co., Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 9/7/2010) (jmi) (Entered: 09/08/2010) |
| 09/08/2010 | 144 R | | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed against the defendant(s) Astak Inc without prejudice and without costs to any party. (Signed by Judge Shira A. Scheindlin on 9/8/2010) (jpo) Modified on 9/22/2010 (jpo). (Entered: 09/09/2010) |
| 09/13/2010 | 145 R | | STIPULATION OF DISMISSAL Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen and Defendant Robert Bosch LLC ("Bosch") hereby stipulate to dismiss defendant Bosch from this action WITHOUT PREJUDICE, and without costs or fees to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 9/13/2010) (jmi) (Entered: 09/14/2010) |
| 09/16/2010 | | | CASHIERS OFFICE REMARK on 143 R Order Admitting Attorney Pro Hac Vice in the amount of $25.00, paid on 09/08/2010, Receipt Number 913815. (jd) (Entered: 09/16/2010) |
| 09/20/2010 | 146 R | | MEMORANDUM OF LAW in Opposition re: 133 R MOTION for Joinder.. Document filed by Credit Managers Association of California. (Weigel, Robert) (Entered: 09/20/2010) |
| 09/20/2010 | 147 | | DECLARATION of Michael Joncich in Opposition re: 133 R MOTION for Joinder.. Document filed by Credit Managers Association of California. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Weigel, Robert) (Entered: 09/20/2010) |
| 09/20/2010 | 148 | | DECLARATION of Samuel A. Newman in Opposition re: 133 R MOTION for Joinder.. Document filed by Credit Managers Association of California. (Attachments: # 1 R Exhibit 1, # 2 R Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Weigel, Robert) (Entered: 09/20/2010) |
| 09/20/2010 | 149 R | | MEMORANDUM OF LAW in Opposition re: 133 R MOTION for Joinder.. Document filed by Westinghouse Digital, LLC. (Attachments: # 1 Exhibit A - Declaration of Arthur Moore, # 2 Exhibit B-1 - Verified Complaint, # 3 Exhibit B-2 - Verified Complaint, with exhibits [excertped], # 4 Exhibit C-1 - Asset Purchase Agreement [excerpted], # 5 Exhibit C-2 - Asset Purchase Agreement [excerpted], # 6 Exhibit D - Press |

| | | |
|---|---|---|
| | | Release of Software Freedom Conservancy, # 7 Exhibit E - California Secretary of State record for Mora Electronics, LLC, # 8 Exhibit F - Bulletin No.1 from Credit Managment Association)(Kazan, Barry) (Entered: 09/20/2010) |
| 09/24/2010 | 150 Ⓡ | ORDER FOR ADMISSION PRO HAC VICE: Attorney Christopher K Larus for Best Buy Co., Inc.,Christopher K Larus for Best Buy Co., Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 9/24/2010) (jfe) (Entered: 09/24/2010) |
| 09/24/2010 | 151 Ⓡ | CERTIFICATE OF SERVICE of Memorandum of Law in Opposition to Plaintiffs' Motion to Join Successors in Interest of Defendant Westinghouse Digital Electronics, LLC, Declaration of Michael Joncich with Exhibits, and Declaration of Samuel A. Newman with Exhibits. served on All Parties of Record on 09/20/2010. Service was made by ECF Notification. Document filed by Credit Managers Association of California. (Weigel, Robert) (Entered: 09/24/2010) |
| 10/01/2010 | 152 Ⓡ | NOTICE OF CHANGE OF ADDRESS by David Leichtman on behalf of Best Buy Co., Inc.. New Address: Robins, Kaplan, Miller & Ciresi L.L.P., 601 Lexington Avenue, Suite 3400, New York, New York, 10022, 212-980-7400. (Leichtman, David) (Entered: 10/01/2010) |
| 10/01/2010 | 153 Ⓡ | DECLARATION of Michael Joncich in Opposition re: 133 Ⓡ MOTION for Joinder.. Document filed by Credit Managers Association of California. (Weigel, Robert) (Entered: 10/01/2010) |
| 10/01/2010 | 154 Ⓡ | NOTICE OF CHANGE OF ADDRESS by Oren Dov Langer on behalf of Best Buy Co., Inc.. New Address: Robins, Kaplan, Miller & Ciresi L.L.P., 601 Lexington Avenue, Suite 3400, New York, New York, USA 10022, 212-980-7400. (Langer, Oren) (Entered: 10/01/2010) |
| 10/04/2010 | 155 Ⓡ | REPLY MEMORANDUM OF LAW in Support re: 133 Ⓡ MOTION for Joinder.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 10/04/2010) |
| 10/04/2010 | 156 | DECLARATION of Bradley M. Kuhn in Support re: 133 Ⓡ MOTION for Joinder.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ravicher, Daniel) (Entered: 10/04/2010) |
| 10/05/2010 | 157 Ⓡ | CERTIFICATE OF SERVICE of Supplemental Declaration of Michael Joncich served on All Parties of Record on 10/01/2010. Service was made by ECF Notification. Document filed by Credit Managers Association of California. (Weigel, Robert) (Entered: 10/05/2010) |

| 10/14/2010 | | CASHIERS OFFICE REMARK on 150 R Order Admitting Attorney Pro Hac Vice in the amount of $25.00, paid on 09/27/2010, Receipt Number 916265. (jd) (Entered: 10/14/2010) |
|---|---|---|
| 11/17/2010 | 158 R | REVISED SCHEDULING ORDER: Initial expert reports due April 11, 2011. Rebuttal expert reports due May 11, 2011. Each expert's deposition will completed by June 15, 2011. Fact discovery is to be completed by February 18, 2011. Expert discovery is to be completed June 15, 2011. ENDORSEMENT: No further extensions will granted. (Signed by Judge Shira A. Scheindlin on 11/16/2010) (jpo) (Entered: 11/17/2010) |
| 11/29/2010 | 159 R | OPINION AND ORDER: #99698 For the foregoing reasons, Plaintiffs' motion to join respondents is denied as to CMA. Plaintiffs' motion to join WD is denied, without prejudice, subject to Plaintiffs' decision to refile following an evidentiary hearing on the issues of whether the asset sale amounted to a merger between WDE and WD and whether WD substantially continued WDE's business. A hearing is scheduled for February 2, 2011 at 4:30 P.M. The Clerk of the Court is directed to close this motion (Docket No. 133). (Signed by Judge Shira A. Scheindlin on 11/29/2010) (jfe) Modified on 11/30/2010 (jfe). Modified on 12/3/2010 (ajc). (Entered: 11/29/2010) |
| 11/29/2010 | | Set/Reset Hearings: Status Conference set for 2/2/2011 at 04:30 PM before Judge Shira A. Scheindlin. (jfe) (Entered: 11/29/2010) |
| 12/13/2010 | 160 R | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed without prejudice and without costs against the defendant(s) JVC Americas Corporation. (Signed by Judge Shira A. Scheindlin on 12/13/10) (laq) (Entered: 12/13/2010) |
| 12/29/2010 | 161 R | NOTICE OF APPEAL from 159 R Memorandum & Opinion. Document filed by Erik Andersen, Software Freedom Conservancy, Inc. Filing fee $ 455.00, receipt number E 924625. (tp) (Entered: 12/29/2010) |
| 12/29/2010 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 161 R Notice of Appeal. (tp) (Entered: 12/29/2010) |
| 12/29/2010 | | Transmission of Notice of Appeal to the District Judge re: 161 R Notice of Appeal. (tp) (Entered: 12/29/2010) |
| 12/29/2010 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 112 R MOTION for Default Judgment as to *Westinghouse Digital Electronics,* |

*LLC*. MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC*. filed by Erik Andersen, Software Freedom Conservancy, Inc., 8 Certificate of Service Complaints filed by Humax USA Inc., 139 **R** Certificate of Service Other, filed by Erik Andersen, Software Freedom Conservancy, Inc., 64 **R** Answer to Complaint, Counterclaim filed by Best Buy Co., Inc., 1 **R** Complaint, filed by Software Freedom Conservancy, Inc., 48 Stipulation and Order, Set Deadlines/Hearings, 140 **R** Certificate of Service Other, filed by Erik Andersen, Software Freedom Conservancy, Inc., 33 **R** Stipulation and Order, Set Deadlines/Hearings, 87 Stipulation and Order, 42 Order Admitting Attorney Pro Hac Vice, 81 Rule 7.1 Corporate Disclosure Statement filed by Comtred Corporation, 103 Stipulation and Order of Dismissal, 95 Stipulation and Order, 96 Stipulation and Order, 23 Stipulation and Order, Set Deadlines, 39 Notice of Appearance filed by Humax USA Inc., 17 Notice of Appearance filed by Dobbs-Stanford Corporation, 83 Rule 7.1 Corporate Disclosure Statement filed by ZYXEL Communications Inc., 34 **R** Stipulation and Order, Set Deadlines/Hearings, 50 Endorsed Letter, 56 Notice of Appearance filed by Best Buy Co., Inc., 54 Order Referring Case to Magistrate Judge, 15 Notice of Appearance filed by Comtred Corporation, 63 Rule 7.1 Corporate Disclosure Statement filed by Best Buy Co., Inc., 149 **R** Memorandum of Law in Opposition to Motion, filed by Westinghouse Digital, LLC, 27 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 122 MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice filed by ZYXEL Communications Inc., 74 Rule 7.1 Corporate Disclosure Statement filed by Western Digital Technologies, Inc., 104 **R** Order, Set Hearings, 24 **R** Stipulation and Order, Set Deadlines, 2 Rule 7.1 Corporate Disclosure Statement filed by Software Freedom Conservancy, Inc., 77 Answer to Complaint filed by ZYXEL Communications Inc., 41 Notice of Appearance filed by Phoebe Micro, Inc., 49 Stipulation and Order, Set Deadlines, 94 Stipulation and Order, 115 Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 46 Order Admitting Attorney Pro Hac Vice, 153 **R** Declaration in Opposition to Motion filed by Credit Managers Association of California, 72 Rule 7.1 Corporate Disclosure Statement filed by Dobbs-Stanford Corporation, 130 **R** Memorandum of Law in Opposition to Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 13 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 85 Stipulation and Order, Set Deadlines, 136 **R** Protective Order, 30 **R** Stipulation and Order, Set Deadlines/Hearings, 144 **R** Notice of Voluntary Dismissal - Signed, 62 Answer to Complaint filed by Westinghouse Digital Electronics, LLC, 25 Certificate of Service Complaints filed by

Case 10-5290, Document 9, 01/12/2011, 185189, Page43 of 74

Software Freedom Conservancy, Inc., 88 Stipulation and Order, Set Deadlines, 156 Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 61 Rule 7.1 Corporate Disclosure Statement filed by Westinghouse Digital Electronics, LLC, 18 Notice of Appearance filed by Dobbs-Stanford Corporation, 92 Stipulation and Order, Set Deadlines/Hearings, 58 Notice of Appearance filed by Best Buy Co., Inc., 55 Notice of Appearance filed by Versa Technology Inc., 108 Endorsed Letter, Set Deadlines/Hearings, 127 Ⓡ MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney. filed by Westinghouse Digital Electronics, LLC, 109 Stipulation and Order of Dismissal, 22 Stipulation and Order, Set Deadlines, 101 Rule 7.1 Corporate Disclosure Statement filed by Samsung Electronics America, Inc., 138 Ⓡ Certificate of Service Other, filed by Erik Andersen, Software Freedom Conservancy, Inc., 161 Ⓡ Notice of Appeal filed by Erik Andersen, Software Freedom Conservancy, Inc., 19 Ⓡ Stipulation and Order, Set Deadlines/Hearings, 47 Endorsed Letter, 126 Ⓡ Stipulation and Order of Dismissal, Add and Terminate Parties, 160 Ⓡ Notice of Voluntary Dismissal - Signed, 110 Stipulation and Order of Dismissal, 84 Notice of Voluntary Dismissal - Signed, 146 Ⓡ Memorandum of Law in Opposition to Motion filed by Credit Managers Association of California, 98 Order Admitting Attorney Pro Hac Vice, 129 Ⓡ Declaration in Support of Motion, filed by Westinghouse Digital Electronics, LLC, 66 Answer to Complaint filed by Versa Technology Inc., 116 Ⓡ Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 145 Ⓡ Stipulation and Order of Dismissal, 141 Ⓡ Memo Endorsement, 5 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 119 Notice of Appearance filed by Best Buy Co., Inc., 137 Ⓡ Endorsed Letter, Set Deadlines, 4 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 133 Ⓡ MOTION for Joinder. filed by Erik Andersen, Software Freedom Conservancy, Inc., 79 Answer to Complaint filed by Humax USA Inc., 9 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 67 Answer to Complaint filed by Robert Bosch LLC, 128 Ⓡ Memorandum of Law in Support of Motion filed by Westinghouse Digital Electronics, LLC, 51 Ⓡ Notice of Appearance filed by Westinghouse Digital Electronics, LLC, 28 Stipulation and Order, Set Deadlines/Hearings, 124 MOTION to Withdraw 122 MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice filed by ZYXEL Communications Inc., 57 Notice of Appearance filed by Best Buy Co., Inc., 68 Rule 26 Disclosure filed by Robert Bosch LLC, 102 Answer to Complaint filed by Samsung Electronics America, Inc., 36 Ⓡ Notice of Appearance filed by Astak Inc., 11 Certificate of Service Complaints filed by

Case 10-5290, Document 9, 01/12/2011, 185189, Page44 of 74

Software Freedom Conservancy, Inc., 147 Declaration in Opposition to Motion filed by Credit Managers Association of California, 75 Answer to Complaint filed by Comtred Corporation, 157 ℝ Certificate of Service Other filed by Credit Managers Association of California, 89 Stipulation and Order, Set Deadlines/Hearings, 142 ℝ Stipulation and Order, 135 Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 76 Answer to Complaint filed by Astak Inc., 65 Rule 7.1 Corporate Disclosure Statement filed by Robert Bosch LLC, 43 Order Admitting Attorney Pro Hac Vice, 6 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 37 ℝ Notice of Appearance filed by Western Digital Corporation, 71 Rule 7.1 Corporate Disclosure Statement filed by Versa Technology Inc., 44 Notice of Appearance filed by JVC Americas Corporation, 14 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 155 ℝ Reply Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 70 Answer to Complaint filed by JVC Americas Corporation, 35 ℝ Order for Initial Pretrial Conference, 38 Notice of Appearance filed by JVC Americas Corporation, 7 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 26 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 148 Declaration in Opposition to Motion, filed by Credit Managers Association of California, 114 Rule 56.1 Statement filed by Erik Andersen, Software Freedom Conservancy, Inc., 45 Order Admitting Attorney Pro Hac Vice, 158 ℝ Scheduling Order, 32 Notice of Appearance filed by Westinghouse Digital Electronics, LLC, 100 Notice of Appearance filed by Western Digital Corporation, 60 Stipulation and Order, Set Deadlines/Hearings, 125 Order on Motion to Appear Pro Hac Vice, 73 Answer to Complaint filed by Dobbs-Stanford Corporation, 143 ℝ Order Admitting Attorney Pro Hac Vice, 106 Order Admitting Attorney Pro Hac Vice, 52 Stipulation and Order, Set Deadlines, 154 ℝ Notice of Change of Address filed by Best Buy Co., Inc., 53 ℝ Scheduling Order, 159 ℝ Memorandum & Opinion, 134 ℝ Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 29 Stipulation and Order, Set Deadlines, 40 Notice of Appearance filed by Humax USA Inc., 121 Endorsed Letter, 3 Stipulation and Order, Set Deadlines/Hearings, 10 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 99 Order Admitting Attorney Pro Hac Vice, 91 Stipulation and Order, Set Deadlines/Hearings, 151 ℝ Certificate of Service Other, filed by Credit Managers Association of California, 90 Stipulation and Order, 117 Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 21 ℝ Stipulation and Order, Set Deadlines, 82 Rule 7.1 Corporate Disclosure

Case 10-5290, Document 9, 01/12/2011, 185189, Page45 of 74

Statement filed by Astak Inc., 113 [R] Memorandum of Law in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 86 Stipulation and Order, Set Deadlines/Hearings, 80 Answer to Counterclaim filed by Humax USA Inc., 16 Notice of Appearance filed by ZYXEL Communications Inc., 123 [R] Stipulation of Voluntary Dismissal, filed by Erik Andersen, Software Freedom Conservancy, Inc., 97 Answer to Counterclaim filed by Erik Andersen, Software Freedom Conservancy, Inc., 20 MOTION for Extension of Time to File Answer. filed by Best Buy Co., Inc., 152 [R] Notice of Change of Address filed by Best Buy Co., Inc., 12 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 31 Notice of Appearance filed by Western Digital Corporation, 78 Answer to Complaint filed by Western Digital Technologies, Inc., 93 Stipulation and Order, 59 Notice of Appearance filed by Best Buy Co., Inc., 150 [R] Order Admitting Attorney Pro Hac Vice, 69 Rule 7.1 Corporate Disclosure Statement filed by JVC Americas Corporation, 132 [R] Order, 120 Notice of Appearance filed by Best Buy Co., Inc., 107 Order Admitting Attorney Pro Hac Vice, 105 Endorsed Letter, Set Deadlines/Hearings, 111 Order of Dismissal, 131 [R] Memorandum & Opinion, were transmitted to the U.S. Court of Appeals. (tp) (Entered: 12/29/2010)

**<u>ADDENDUM "A": SUBPART (4)</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
                         :

SOFTWARE FREEDOM          :
CONSERVANCY, INC. and ERIK      :
ANDERSEN,                       :
                         :
            **Plaintiffs,**        :
                         :
         - against -           :
                         :
BEST BUY CO., INC., SAMSUNG     :
ELECTRONICS AMERICA, INC.,      :
WESTINGHOUSE DIGITAL         :      **OPINION AND ORDER**
ELECTRONICS, LLC, JVC           :
AMERICAS CORPORATION,       :
WESTERN DIGITAL             :      **09 Civ. 10155 (SAS)**
TECHNOLOGIES, INC., ROBERT     :
BOSCH, LLC, PHOEBE MICRO, INC.,   :
HUMAX USA INC., COMTREND      :
CORPORATION, DOBBS-STANFORD   :
CORPORATION, VERSA            :
TECHNOLOGY INC., ZYXEL        :
COMMUNICATIONS INC., ASTAK    :
 INC., and GCI TECHNOLOGIES      :
CORPORATION,                :
            **Defendants.**       :
------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/29/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

        On December 14, 2009, the Software Freedom Conservancy, Inc. and

Erik Andersen (together, "Plaintiffs") brought this action against fourteen

commercial electronics distributors (collectively, "Defendants") for copyright

infringement.[1] After answering the Complaint and making initial disclosures,

Defendant Westinghouse Digital Electronics, LLC ("WDE") ceased complying

with its discovery obligations.[2] On April 2, 2010, WDE executed a general

assignment for the benefit of creditors.[3] On June 3, 2010, Plaintiffs moved for a

default judgment, or, in the alternative, summary judgment against WDE.[4] The

Court granted Plaintiffs' motion for a default judgment.[5] Plaintiffs now contend

that Credit Management Association ("CMA") and Westinghouse Digital LLC

("WD") are WDE's successors in interest, and move to join them as defendants

pursuant to Rule 25(c) of the Federal Rules of Civil Procedure.[6] For the reasons

discussed herein, Plaintiffs' motion is denied in part and stayed in part.

## II.   BACKGROUND

---

[1]      *See* Complaint ("Compl.") ¶ 1.

[2]      *See Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, No. 09
Civ. 10155, 2010 WL 2985320, at *1 (S.D.N.Y. July 27, 2010).

[3]      *See* 8/9/10 Plaintiffs' Memorandum of Law in Support of Its Motion
to Join Successors in Interest of Defendant Westinghouse Digital Electronics, LLC
("Pl. Mem.") at 3.

[4]      *See id.* at 2-3.

[5]      *See id.*

[6]      *See id.*

In 1999, Andersen developed software and contributed it to BusyBox, an open source computer program.[7] In October 2008, Andersen registered a copyright in the code he contributed to BusyBox version 0.60.3, which was first published in 2002.[8] According to Plaintiffs, defendant Westinghouse Digital Electronics, LLC ("WDE") distributed Plaintiffs' copyrighted BusyBox software — without Plaintiffs' permission[9] — within its High Definition Television ("HDTV") products, as well as through software for use with those HDTVs.[10]

WDE was wholly owned by Nexis, Inc., a California corporation.[11] Nexis, Inc. was wholly owned by Nexis Holdings LLC, which in turn was forty-nine percent owned by Richard Houng ("Houng").[12] No party provided any evidence regarding the remaining fifty-one percent ownership. WDE sold electronics under the WESTINGHOUSE brand name pursuant to a license granted

---

[7]   *See* 6/1/10 Declaration of Erik Andersen ("Andersen Decl.") ¶ 3.

[8]   *See id.* ¶ 4.

[9]   *See* Compl. ¶¶ 26-27.

[10]   *See id.*

[11]   *See* 9/20/10 Respondent Westinghouse Digital, LLC's Memorandum in Opposition to Plaintiffs' Motion for Joinder ("WD Opp. Mem.") at 3.

[12]   *See id.*

3

by Westinghouse Electric Corporation.[13]

On April 2, 2010, WDE executed an assignment for the benefit of

creditors (the "Assignment") under California law in favor of Credit Managers

Association of California doing business as Credit Management Association

("CMA").[14] WDE then changed its name and is currently still active and doing

business as Mora Electronics LLC ("Mora").[15] CMA is a California non-profit

corporation with its principal place of business in California.[16] It assists insolvent

companies with work-outs or liquidations through alternatives to bankruptcy,

including the general assignment for the benefit of creditors — a business

liquidation device under California law.[17]

Pursuant to its obligations under California law, CMA assumed all

---

[13]     *See id.* at 3-4.

[14]     *See* Pl. Mem. at 2-3. An assignment for the benefit of creditors is a device under state law by which an insolvent company may liquidate without filing for federal bankruptcy. *See Credit Mgrs. Ass. of S. Cal. v. National Indep. Bus. Alliance*, 162 Cal. App. 3d 1166, 1169 (Cal. Ct. App. 1984). "The assignment is an assignment of all of the [assignor's] assets that are transferable and not exempt from enforcement of a money judgment." Cal. Code Civ. Proc. § 493.010. "The assignment is for the benefit of all the [assignor's] creditors." *Id.*

[15]     *See* WD Opp. Mem. at 4.

[16]     *See* 9/20/10 Respondent Credit Managers Association of California's Memorandum in Opposition to Plaintiffs' Motion for Joiner ("CMA Opp. Mem.") at 4.

[17]     *See id.*

4

decision-making for WDE and commenced liquidating its assets.[18] It sold many of

WDE's assets — including the alleged infringing HDTVs and web servers

containing Plaintiffs' BusyBox software (the "Infringing Assets") and the

Westinghouse licenses — to Golden Star Electronics n/k/a Westinghouse Digital

LLC ("WD") (the "Asset Sale").[19] WD paid five hundred thousand dollars in cash,

agreed to pay a percentage of future royalties up to one and a half million dollars

and assumed approximately eighteen million dollars of WDE's liabilities.[20] This

lawsuit was not a liability assumed by WD.[21] The WESTINGHOUSE brand

licenses were among the purchased assets.[22] Other assets that WD purchased

include "all tangible and intangible personal property assets . . . used in the

operation of the [b]usiness," "customer lists, vendor lists, licensing and trademark

rights to the name 'Westinghouse Digital Electronics,'" rights in telephone

numbers and world wide web domain names, and "all rights . . . necessary or

---

[18]     *See* WD Opp. Mem. at 6.

[19]     *See id.*

[20]     *See* Pl. Mem at 2-3.

[21]     *See* April 2010 Asset Purchase Agreement Between Golden Star
Electronics, LLC and Credit Management Association ("Purchase Agreement"),
Ex. C to WD Opp. Mem, at Schedule 2.3.

[22]     *See* WD Opp. Mem. at 6.

5

desirable in connection with the operation of the [b]usiness."[23]

WD is a Delaware limited liability company located in Orange, California.[24] It is wholly owned by Northwood Partners Limited, and is managed by WD Manager LLC, which in turn is managed by Eric Chen.[25] Neither Nexis Inc. nor Houng have reported an ownership interest in Northwood Partners Limited, and WD maintains that Chen is not involved with Nexis Inc. or WDE.[26] WD's listed address is 500 N. State College Blvd., Suite 1300, Orange, California 92868 — the former address of WDE — and its in-house counsel is Arthur Moore — WDE's former in-house counsel.[27]

CMA notified WDE's known creditors of the Assignment and Asset Sale in a creditor bulletin.[28] Plaintiffs received a copy of this bulletin.[29] The bulletin showed that WDE had assets worth one million six hundred thousand

---

[23]     Purchase Agreement at 4-6.

[24]     *See* 9/20/10 Declaration of Arthur Moore ("Moore Decl."), Counsel for Respondent WD, ¶¶ 9-10.

[25]     *See id.* ¶¶ 7-8.

[26]     *See id.*

[27]     *See* Declaration of Daniel Ravicher ("Ravicher Decl."), Counsel for Plaintiffs, ¶¶ 3-5.

[28]     *See* CMA Opp. Mem. at 5.

[29]     *See* Ravicher Decl. ¶ 2.

dollars and liabilities of approximately forty-two million dollars at the time of the Assignment.[30] WDE's creditors were provided a proof of claim form with the bulletin and were required to submit their claims to CMA by September 27, 2010 (the "Bar Date"), to receive distributions from WDE's estate.[31]

On August 2, 2010, WD brought an action in the Superior Court of California, Orange County, against various defendants — including Plaintiffs here — seeking to quiet title to the assets it acquired from CMA, and a declaratory judgment that WD is not WDE's successor in interest.[32] That case is currently pending in California.[33]

Plaintiffs now seek to join WD and CMA as defendants with WDE under Rule 25(c) on the ground that they are WDE's successors in interest pursuant to California law.[34] Plaintiffs also contend that because CMA sold the Infringing Assets to WD, and because WD continues the copyright infringing activities of

---

[30] *See* CMA Opp. Mem. at 5.

[31] *See id.* Plaintiffs failed to file a proof of claim before the Bar Date. *See id.*

[32] *See* 8/2/10 Verified Complaint to Quiet Title in Personal Property and Declaratory Relief filed by Westinghouse Digital LLC, Ex. C to WD Opp. Mem.

[33] *See* WD Opp. Mem. at 19.

[34] *See* Pl. Mem. at 3.

7

WDE, they should be joined as WDE's successors in interest in this action.[35]

Lastly, Plaintiffs assert that because the Assignment operated to frustrate federal

copyright law, California state law is preempted and WD and CMA are WDE's

successors in interest under federal law.[36]

## III. APPLICABLE LAW

### A. Rule 25(c)

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f

an interest is transferred, the action may be continued by or against the original

party unless the court, on motion, orders the transferee to be substituted in the

action or joined with the original party."[37] "[G]ranting substitution of one party in

litigation for another under Rule 25(c) is a discretionary matter for the trial

court."[38] "The primary consideration in deciding a motion pursuant to Rule 25(c) is

whether substitution will expedite and simplify the action."[39] The rule's purpose is

---

[35]     *See* 10/4/10 Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Joinder ("Pl. Reply Mem.") at 6.

[36]     *See id.* at 7.

[37]     Fed. R. Civ. Pro. 25(c).

[38]     *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996).

[39]     *Advanced Marketing Grp., Inc. v. Business Payment Systems, Inc.*, No. 05 Civ. 9121, 2010 WL 3291588, at *4 (S.D.N.Y. Aug. 16, 2010) (quotations and citations omitted).

8

"to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit."[40] "If a transferee is joined or substituted as a plaintiff or defendant, it is not because its substantive rights are in question, but rather because it has come to own the property in issue."[41] "A successor in interest is bound by a judgment against its predecessor even if substitution is not effected."[42] "The merits of the case and the disposition of the property are still determined with respect to the original parties."[43] Moreover, a "court gains personal jurisdiction over [a successor] simply as a consequence of [its] status as a successor in interest."[44] "Personal jurisdiction is not created by Rule 25 . . . but exists because successors in interest . . . [are] bound by the judgment" regardless of their joinder.[45] "Although substitution usually is effected during the course of litigation, substitution is appropriate even after final judgment or on

---

[40]    *Moore's Federal Practice* § 25.30.

[41]    *Id.* § 25.32.

[42]    *Koehler v. Bank of Bermuda Ltd.*, No. M18-302, 2002 WL 1766444, at *2 (S.D.N.Y. July 31, 2002) (quotations and citations omitted).

[43]    *Id.*

[44]    *Libutti v. United States*, 178 F.3d 114, 124 (2d Cir. 1999).

[45]    *Moore's Federal Practice* § 25.33[2].

9

appeal if the transfer of interest took place after the case was filed."[46]

It would be an abuse of discretion for a court to allow a "substitution in the absence of a transfer in interest."[47] Before granting a motion for substitution, a court must determine "that a party is, in fact, a successor-in-interest."[48] "Successor liability is a question of [s]tate law."[49] Most often,

> a successor in interest may be a person or entity who acquired the particular interest at stake in the litigation, such as a certain piece of property or a contractual right, or who acquires all of the assets and liabilities of a party to the litigation. For example, assignees of a patent may be considered 'successors in interest' in an infringement action. A purchaser of real property may succeed to the prior owner's interest in litigation involving pollution on the property.[50]

Rule 25(c) "does not specify a method for deciding the motion or a standard to use in determining whether a motion may be decided on the papers."[51]

---

[46]  *Id.* § 25.31[3]. *Accord Arnold Graphics Indus., Inc. v. Independent Agent Ctr.*, 775 F.2d 38 (2d Cir. 1985) (substituting a party as a successor in interest under *de facto* merger doctrine after awarding judgment against original party).

[47]  *Chalasani,* 92 F.3d at 1312.

[48]  *Levin v. Raynor*, No. 03 Civ. 4697, 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010).

[49]  *Libutti*, 178 F.3d at 124.

[50]  *Koehler*, 2002 WL 1766444, at *3.

[51]  *Moore's Federal Practice* § 25.35[3].

10

This is because "the rule does not easily lend itself to contested motions practice."[52] "[I]t permits automatic continuation of a lawsuit against an original corporate party, although the outcome will bind the successor corporation, unless the court believes the transferee's presence would facilitate the conduct of the litigation."[53] "[I]n a context . . . in which a decision on a Rule 25(c) motion effectively imposes liability, the court first must determine whether the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to joinder or substitution as a matter of law."[54] "If the affidavits show this, the court should grant the motion; if they do not, the court should conduct an evidentiary hearing to decide whether the motion should be granted."[55]

### B.     Successor in Interest

"'[A]s a general rule where a corporation sells or otherwise transfers all of its assets, its transferee is not liable for the debts and liabilities of the transferor."[56] "The rule of nonliability is especially applicable where the vendor

---

[52]     *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993).

[53]     *Id.*

[54]     *Id.* (quotations omitted).

[55]     *Id* at 72-73.

[56]     *Schwartz v. McGraw-Edison Co.*, 14 Cal. App. 3d 767, 780 (Cal. Ct. App. 1971).

corporation is still a going concern, with ample assets to meet its obligations."[57]

However, California courts have recognized certain exceptions to the general rule

of nonliability where

> (1) the purchaser expressly or impliedly agrees to such assumption, (2)
> the transaction amounts to a consolidation or merger of the two
> corporations, (3) the purchasing corporation is merely a continuation of
> the selling corporation, or (4) the transaction is entered into fraudulently
> to escape liability for debts.[58]

The second exception — the *de facto* merger exception — has been

invoked "where one corporation takes all of another's assets without providing any

consideration that could be made available to meet claims of the other's creditors

or where the consideration consists wholly of shares of the purchaser's stock which

are promptly distributed to the seller's shareholders in conjunction with the seller's

liquidation."[59] Courts have set forth five factors to determine whether a transaction

cast in the form of an asset sale actually achieves the same practical result as a

merger:

> (1) was the consideration paid for the assets solely stock of the
> purchaser or its parent; (2) did the purchaser continue the same
> enterprise after the sale; (3) did the shareholders of the seller

---

[57]      *Id.* at 780-81 (quotations and citations omitted).

[58]      *Franklin v. USX Corp.*, 87 Cal. App. 4th 615, 621 (Cal. Ct. App. 2001) (quotations and citations omitted).

[59]      *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (Cal. 1977).

become shareholders of the purchaser; (4) did the seller liquidate; (5) did the buyer assume the liabilities necessary to carry on the business of the seller?[60]

When California courts have held that a corporation which acquired the assets of another was the seller's mere continuation — the third exception to the nonliability rule — they "have imposed such liability only upon a showing of one or both of the following factual elements: (1) no adequate consideration was given for the predecessor corporation's assets and made available for meeting the claims of its unsecured creditors; (2) one or more persons were officers, directors, or stockholders of both corporations."[61] "[S]everal other characteristics of a mere continuation to which *Ray* alludes"[62] include sale of the "principal assets," direct sale — not through a creditor of the seller — of assets to the buyer, and continuity of employees beyond a single officer.[63] While the mere continuation and *de facto* merger grounds for liability "have been traditionally considered as separate bases for imposing liability on a successor corporation," courts have also "perceive[d]

---

[60]     *Marks v. Minnesota Mining and Mfg. Co.*, 187 Cal. App. 3d 1429, 1436 (Cal. Ct. App. 1986).

[61]     *Ray*, 19 Cal. 3d at 29.

[62]     *Maloney v. American Pharmaceutical Co.*, 207 Cal. App. 3d 282, 288 (Cal. Ct. App. 1988).

[63]     *See id.*

13

the [former] to be merely a subset of the [latter]."[64] "The crucial factor in

determining whether a corporate acquisition constitutes either a de facto merger or

a mere continuation is the same: whether adequate *cash* consideration was paid for

the predecessor corporation's assets."[65] Thus, apart from other relevant factors to

the *de facto* merger and mere continuation exceptions, "the common denominator

[between the two], which must be present in order to avoid the general rule of

successor nonliability, is the payment of inadequate consideration."[66]

 "In addition, under limited circumstances an exception has been

judicially created to provide a remedy against the successor when a person has

been injured by the predecessor's product."[67] This exception — set forth in *Ray v.

Alad Corporation*[68] — applies where "a party [] acquires a manufacturing business

and continues the output of its line of products."[69] Under those circumstances, the

acquirer "assumes strict tort liability for defects in units of the same product line

previously manufactured and distributed by the entity from which the business was

---

[64] *Franklin*, 87 Cal. App. 4th at 625.

[65] *Id.* (emphasis added).

[66] *Id.* at 627.

[67] *Id.* at 621.

[68] 19 Cal. 3d 22 (Cal. 1977).

[69] *Id.* at 34.

14

acquired."[70] "The *Ray* court declare[d] that the exception to the general rule which it announce[d] applies only 'under the narrow circumstances [t]here presented.'"[71]

## IV.   DISCUSSION

To join or substitute CMA and/or WD with or for WDE, this Court must first find that they are WDE's successors in interest. Whether a party is a successor in interest is governed by state law.  Plaintiffs, WD and CMA agree that — to the extent that state law applies — California law governs.[72] Alternatively, Plaintiffs assert that federal common law should displace state law because California law frustrates the federal policy protecting copyrights.[73]

### A.   WD

#### 1.   WD Did Not Expressly Assume the Liability Arising Out of This Lawsuit

Plaintiffs allege that WD is WDE's successor in interest because WD "assumed the liabilities"[74] of WDE.  However, Plaintiffs confuse this ground for

---

[70]      *Id.*

[71]      *Maloney*, 207 Cal. App. 3d at 289 (quoting *Ray*, 19 Cal. 3d at 25). "[C]ases . . . which interpret *Ray* indicate that the *Ray* exception applies in product liability cases in which strict tort liability is available as a theory of recovery, and make no effort to extend its applicability beyond the arena of strict liability." *Id.*

[72]      *See* Pl. Mem. at 4; WD Opp. Mem. at 9; CMA Opp. Mem. at 12.

[73]      *See* Pl. Reply Mem. at 7.

[74]      Pl. Mem. at 7.

15

holding WD as a successor in interest with one of the factors relevant to the de facto merger inquiry. The first ground for holding an entity as a successor in interest of another asks whether that entity assumed the specific liability at issue[75] — here, the liability arising out of this lawsuit. While WD assumed eighteen million dollars of WDE's liabilities, this lawsuit — which was included in the Asset Purchase Agreement between WD and CMA in the Copyright Litigation category — was specifically excluded.[76] Therefore, WD did not assume the liability arising out of this lawsuit and is not WDE's successor in interest under the first exception to nonliability.

### 2. De Facto Merger/Mere Continuation[77]

Plaintiffs next argue that the Asset Sale achieved the same practical result as a merger. I consider each of the factors in turn. *First*, WD did not pay for the assets with stock. WD's consideration in the Asset Sale consisted of cash,

---

[75]    *See Franklin,* 87 Cal. App. 4th at 621.

[76]    *See* Purchase Agreement at Schedule 2.3.

[77]    Plaintiffs make two separate arguments that WD is WDE's successor in interest on the *de facto* merger ground *and* under the mere continuation exception. *Compare* Pl. Mem. at 5-7 (arguing that WD is continuing the business of WDE) *with* Pl. Reply Mem. at 4-5 (asserting that the Asset Sale was in effect a merger). As other courts have commented, the mere continuation exception is very similar to the second factor of the *de facto* merger exception. *See Franklin*, 87 Cal. App. 4th at 624. I agree and will consider Plaintiffs' mere continuation argument within the *de facto* merger analysis.

16

future royalties and assumption of certain liabilities.[78] *Second*, there is evidence

that WD continued the same enterprise as WDE after the Asset Sale. WD's name is

nearly identical to WDE's. WD's listed address is the same as WDE's former

address and WD now employs the former in-house counsel of WDE.[79] Moreover,

WD purchased assets that were important to WDE's business, including property

necessary to operate the business, intellectual property such as licenses and

trademarks and customer and vendor lists.[80] *Third*, WDE's known shareholders did

not become the known shareholders of WD. WDE's sole shareholder was Nexis,

Inc., and was indirectly owned by Nexis Holdings LLC and in part by Richard

Huong.[81] WD's sole shareholder is Northwood Partners Limited.[82]  Plaintiffs do

not allege that any of these entities have ownership interests in the others. They

argue that an evidentiary hearing is necessary to determine who owns the

remaining fifty-one percent of Nexis Holdings LLC because neither WD nor CMA

provided that information.[83] *Fourth*, it appears that WDE liquidated, as it assigned

---

[78]    *See* Pl. Mem. at 2-3.

[79]    *See* Ravicher Decl. ¶¶ 3-5.

[80]    Purchase Agreement at 4-6.

[81]    *See* WD Opp. Mem. at 3.

[82]    *See* Moore Decl. ¶¶ 7-8.

[83]    *See* Pl. Reply Mem. at 10.

its business to CMA so that CMA could sell its assets and distribute the proceed. However, WD stated that WDE is still active and is now carrying on business under the name Mora.[84] Thus, it is unclear whether WDE underwent liquidation. *Fifth*, WD assumed eighteen million dollars of WDE's liabilities.[85] The content of these liabilities was omitted from the Asset Sale Agreement. Presumably these eighteen million dollars worth of liabilities were necessary to carry on WDE's business.

Plaintiffs also argue that the five hundred thousand dollars paid by WD for WDE's assets constitutes inadequate cash consideration — a requirement to satisfying the *de facto* merger inquiry. WD maintains that the consideration it paid for WDE's assets also includes one million five hundred thousand dollars of future royalties for a total of two million dollars in cash consideration.[86] WDE held assets worth one million six hundred thousand dollars at the time of the sale.[87] Five hundred thousand dollars plus one million five hundred thousand dollars of future royalties is inadequate cash consideration for those assets. Payment of future

---

[84]    *See* WD Opp. Mem. at 4.

[85]    *See* Pl. Mem at 2-3.

[86]    *See* WD Opp. Mem. at 15-16.

[87]    *See* Pl. Reply Mem. at 5.

18

royalties is contingent upon WD's future sales, and there is no guarantee that WDE's estate will receive that portion of the consideration. Thus, WDE's estate received a third of WDE's assets' value in cash along with a promise of further cash payment if WD sells certain assets in the future. The purpose of requiring adequate cash consideration is to ensure that an asset sale generates enough cash to the seller so that it can satisfy those liabilities not assumed by the buyer.[88] As WD assumed eighteen million dollars of WDE's forty-three million dollars in liabilities,[89] WDE's estate still retains sizeable liabilities. An estate with only five hundred thousand dollars in cash will certainly leave many creditors "out of the money."

While the first factor of the *de facto* merger inquiry weighs in favor of finding that WD is not WDE's successor in interest, other factors do suggest that the Asset Sale amounted to a merger of the two companies. Yet because there are gaps in the evidence — such as the nature of the assumed liabilities and the remaining shareholders of Nexis Holdings LLC — and contradictions — including whether WDE liquidated — it would be premature to conclude that WD is WDE's

---

[88]     *See Franklin*, 87 Cal. App. 4th at 625 ("[A] sale for adequate cash consideration ensures that at the time of sale there are adequate means to satisfy any claims made against the predecessor corporation.").

[89]     *See* Pl. Mem. at 3.

19

successor in interest. Therefore, I am unable to decide the motion on the papers, and must hold an evidentiary hearing to determine whether the Asset Sale achieved the same result as a merger between WDE and WD.[90]

**B.    CMA**

Plaintiffs' allegations that CMA is WDE's successor in interest under California law include: WDE's business "passed through CMA,"[91] "the 'business' of [WDE] flowed through CMA for at least some period of time,"[92] and the liabilities of WDE "rested with CMA for some period of time."[93] None of these allegations meet any of the exceptions under California law for holding CMA as WDE's successor in interest. Plaintiffs do not allege that CMA is a mere continuation of WDE, nor that the Assignment amounted to a merger. While Plaintiffs' allegation that WDE's liabilities rested with CMA for some time may suggest that CMA assumed the liability arising out of this lawsuit, CMA did not assume WDE's liability under this lawsuit in its individual capacity. CMA

---

[90]    *See Luxliner*, 13 F.3d at 72-73 (holding that where the affidavits show an issue of material fact, a motion under Rule 25(c) is properly decided after conducting an evidentiary hearing).

[91]    Pl. Mem. at 5.

[92]    *Id.* at 6.

[93]    *Id.* at 7.

assumed WDE's liabilities as a trustee for the benefit of all of WDE's creditors.[94]
CMA was charged under California law to act as a fiduciary for WDE's creditors,
and to liquidate WDE's assets to distribute recoveries to its creditors.[95] When it
assumed WDE's liabilities, it did not assume personal responsibility for them.[96] As
a result, CMA is not individually liable as WDE's successor in interest.

While Plaintiffs cannot meet any of the first three successor in interest
exceptions, they request an evidentiary hearing to investigate whether the
transaction was fraudulent — the fourth ground for finding an entity to be a
successor in interest.[97] However, Plaintiffs concede that they "do not have enough
information to allege that this was a fraudulent transfer."[98] Evidentiary hearings are
appropriate where "the affidavits show that there is [a] genuine issue as to [a]

---

[94]     *See* CMA Opp. Mem. at 2, 9. *Accord* Cal. Code Civ. Proc. § 493.101
("The assignment is for the benefit of all the defendant's creditors.").

[95]     *See Credit Managers Ass'n. of S. Cal. v. Brubaker*, 233 Cal. App. 3d
1587, 1595 (Cal. Ct. App. 1991) (holding that in an "assignment for the benefit of
creditors . . . a disinterested third party [] liquidate[s] and distribute[s] the assets of
[the assignor] to creditors.").

[96]     *See id.* ("The beneficial procedure of an assignment for benefit of
creditors would be impossible to use if the assignee had to assume the liabilities of
the insolvent business.").

[97]     *See Franklin,* 87 Cal. App. 4th at 621.

[98]     Pl. Rep. Mem. at 10.

21

material fact."[99] There is no issue of material fact here, however, because Plaintiffs do not offer any proof of fraud. Accordingly, no hearing is required. Moreover, because Plaintiffs did not allege facts sufficient to meet any of the other exceptions to the general rule against successor liability, CMA is not WDE's successor in interest under California law.

### C.  Plaintiffs "Continuing the Tortious Activity" Argument

Plaintiffs ask this Court to hold WD and CMA as successors in interest to WDE on the theory that they are continuing WDE's tortious activity of copyright infringement. However, to do so would expand the *Ray* exception beyond its context. The court in *Ray* held that a purchaser of assets may be liable for the seller's torts in the defective product liability arena when that purchaser continues to manufacture or sell the defective product.[100] The *Ray* court created that exception for the narrow circumstances which were before it.[101] Just as California courts have declined to expand the rule beyond strict liability for defective products, this Court declines to hold that WD or CMA are liable for

---

[99]     *Luxliner*, 13 F.3d at 72-73.

[100]    *See Ray*, 19 Cal. 3d at 34.

[101]    *See id.*

22

WDE's copyright infringement.[102]

### D.    Plaintiffs' Transfer of Property Argument

Plaintiffs' argument that WD and CMA may be substituted for WDE because WDE transferred the property at issue is also misguided. Plaintiffs assert that because WDE assigned the Infringing Assets to CMA, which in turn sold them to WD, CMA and WD are now the real parties in interest to this case. However, the issue in this case is not the Infringing Assets themselves, but WDE's *use* of the Infringing Assets to infringe Plaintiffs' copyright. To the extent Plaintiffs are arguing that CMA or WD is guilty of copyright infringement through its own use of the Infringing Assets, Plaintiffs may amend the Complaint to plead facts specific to CMA or WD's alleged infringing activity. However, merely because CMA assumed and WD purchased the Infringing Assets does not make them WDE's successors in interest.

### E.    Plaintiffs' Preemption Argument

Plaintiffs argue that California state law is preempted and federal law should displace it. Plaintiffs assert that the operation of California law — specifically the laws authorizing assignment for the benefit of creditors — conflicts with the unique federal interest in copyright protection. Plaintiffs argue that

---

[102]    *See Maloney*, 207 Cal. App. 3d at 289 (deciding not to expand the *Ray* exception beyond the strict product liability context).

because an assignment for the benefit of creditors would allow a copyright

infringer to assign its assets, disclaim liabilities, and subsequently liquidate,

California law allows a copyright infringer to escape liability and therefore

frustrates the federal interest of protecting copyrights. Plaintiffs maintain that in

place of state law, this Court should apply the federal "substantial continuity

test"[103] — a test adopted by the Supreme Court when deciding a successor liability

issue in the field of labor law.[104] The substantial continuity test asks "whether the

new company has acquired substantial assets of its predecessor and continued,

without interruption or substantial change, the predecessor's business

operations."[105]

        Plaintiffs' preemption contention is flawed. Assuming, *arguendo*,

that Plaintiffs can even meet the substantial continuity test, federal copyright law

does not preempt California state creditor law. An assignment for the benefit of

creditors does not operate to frustrate copyright enforcement, as Plaintiffs argue.

---

[103]    Pl. Reply Mem. at 9.

[104]    *See Fall River Dyeing & Fishing Corp. v. NLRB*, 482 U.S. 27, 43
(1987). Notably, the Supreme Court applied this test because the National Labor
Relations Board uses it to determine whether a successor company should be held
to answer for unfair labor practices of its predecessor. The Court therefore adopted
the test in order to review the decisions of the NLRB.

[105]    *Id.* (quotations omitted).

24

The only way to nullify the assignment is to prove that the transfer was fraudulent. Additionally, Plaintiffs may add the alleged continuing infringers to this action as direct defendants. Merely because Plaintiffs choose not to utilize these alternative courses of action, but instead move to join CMA and WD as WDE's successors in interest, does not mean Plaintiffs' copyright lacks protection. Thus, the California law authorizing assignments for the benefit of creditors does not "permit[] infringement to continue unabated"[106] and does not frustrate the enforcement of federal copyright law.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to join respondents is denied as to CMA. Plaintiffs' motion to join WD is denied, without prejudice, subject to Plaintiffs' decision to refile following an evidentiary hearing on the issues of whether the asset sale amounted to a merger between WDE and WD and whether WD substantially continued WDE's business. A hearing is scheduled for February 2, 2011 at 4:30 P.M. The Clerk of the Court is directed to close this motion (Docket No. 133).

---

[106]    Pl. Reply Mem. at 9.

25

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             November 29, 2010

26

## -Appearances-

**For Plaintiffs (Software Freedom Conservatory, Inc. and Erik Anderson):**
Daniel Ben Ravicher, Esq.
Michael A. Spiegel, Esq.
Aaron Kyle Williamson, Esq.
Software Freedom Law Center, Inc.
1995 Broadway, 17th Floor
New York, New York 10023
(212) 580-0800

**For Respondent (Westinghouse Digital, LLC):**
Barry M. Kazan, Esq.
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344 5680

**For Respondent (Credit Management Association of California):**
Robert L. Weigel, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166
(212) 351-4000

Oscar Garza, Esq.
Samuel A. Newman, Esq.
Daniel B. Denny, Esq.
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, California 90071

**ADDENDUM "B"**

<u>Issues Proposed To Be Raised On Appeal</u>

1.     Did the District Court err in concluding as a matter of law that, "federal copyright law does not preempt California state creditor law" when determining whether a transferee of interest from an original party to suit is properly joined under Fed. R. Civ. P. 25(c) when the transferee continues unabated the copyright infringement activities of that original party and application of California state creditor law would frustrate the federal interest in copyright law?   A district court's determination regarding preemption is a conclusion of law, which this Court reviews *de novo*.  *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir. 2001); *United States v. Koh*, 199 F.3d 632, 636 (2d Cir. 1999); *United States v. Figueroa*, 165 F.3d 111, 114 (2d Cir. 1998).