UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

CIVIL APPEALS MANAGEMENT PLAN

**Pre-Argument Conference Guidelines**

Pre-argument conferences are conducted by Staff Counsel in counseled civil appeals under Federal Rules of Appellate Procedure 33 and Rule 5 of the Civil Appeals Management Plan (C.A.M.P.), Rules of the Second Circuit, Appendix, Part C. All fully counseled civil appeals except prisoner and habeas corpus cases are included in the CAMP program. Participation in pre-argument conferences is mandatory.

I. **PURPOSE**

The purpose is to explore the possibility for settlement of the dispute, to prevent unnecessary motions or delay– by attempting to resolve any procedural problems in the appeal, and to identify, clarify and simplify the issues submitted for review.

In an effort to enable the parties to resolve issues, Staff Counsel, who are full-time employees of the Second Circuit with extensive experience in appellate mediation, are ordinarily expected to give them the benefit of their views of the merits or other aspects of the appeal. The Staff Counsel typically conducts the conference in a series of joint and sometimes separate caucuses to discuss settlement.

II. **AUTHORITY AND ATTENDANCE**

The success of the conference depends on the attorneys treating it as a serious and effective procedure which can not only save time and expense for the parties, but also provide an outcome better suited to their needs. All sides should be thoroughly prepared to discuss in depth the legal, factual and procedural issues. Prior to the conference, attorneys should discuss the matter with their clients and ascertain their goals in resolving the litigation. They should be prepared to negotiate in good faith and express their views on the merits of their case as well as their client's interests. Attorneys who attend the mediation should be those who have the broadest authority from and the greatest influence with the client. Attorneys should obtain advance authority from their clients to make such commitments as may reasonably be anticipated.

III. **CLIENT PARTICIPATION**

If feasible, counsel should have their clients available by telephone at the time of the mediation. The Court strongly encourages the parties to participate at every stage of the mediation process. Ordinarily, attorneys are expected to attend the conference without their clients. However, with the permission of Staff Counsel, or when appropriate– as required by Staff Counsel, clients may attend with their attorneys. Staff Counsel does NOT talk with clients outside of the presence of their attorneys.

IV. **CONFERENCE LOCATION**

Conferences are usually in person at the offices of Staff Counsel located in the Woolworth Building, 233 Broadway 6th Floor, New York, NY. However, where considerable distances or other significant reasons warrant, Staff Counsel will, in their discretion, arrange to conduct the conference over the telephone or by video if available.

### V. GOOD FAITH PARTICIPATION

The parties are obligated to participate in the mediation process in good faith with a view to resolving differences as to the merits and other issues in the case. This process requires each attorney, regardless of how strong his or her views are, to exercise a degree of objectivity, patience, cooperation and self-control that will permit the attorney to negotiate based upon reason. The conference provides a neutral forum for appraisal of the case and examination of means to expedite the matter. Staff Counsel may offer their own views and are entitled to the attorney's respect and careful consideration of those views. They are, of course, the individual views of the mediator and are not those of the Court. No attorney or party is obligated to agree with the mediator or under any compulsion to reach an agreement to which they believe in good conscience they cannot agree to.

Mediation is not productive when counsel are not adequately prepared, present extreme positions, maintain fixed positions, and engage in hard, bottom-line bargaining. Counsel should be realistic in approaching the mediation. Mediation is most productive when counsel are conversant with the law and the facts in an appeal and are fully aware of their client's interests, goals and needs. Moreover, they should strive to understand, but not necessarily agree with, the views of opposing counsel on the law and facts and the goals, interests and needs of their clients.

### VI. MANDATORY PARTICIPATION

Although the mediation sessions are relatively informal, they are official proceedings of the Court. Sanctions may be imposed against any party who fails to appear for the mediation or otherwise participate fully.

### VII. CONFIDENTIALITY

All matters discussed at a pre-argument conference, including the views of Staff Counsel as to the merits, are completely confidential and are not communicated to any member of the Court. Nothing said by any participant to the session is to be disclosed to the judges of the court or judges of any other court that might address the appeal's merits. The mediator's notes do not become part of the Court's file nor anything submitted by the attorneys or parties to Staff Counsel pertaining to the merits. Any ex parte communications are also confidential except to the extent disclosure is authorized. The Court strictly enforces this rule. Likewise, parties are also prohibited from advising members of the Court or any unauthorized third parties of discussions or actions taken at the conference (*Calka v. Kucker Kraus & Bruh*, 167 F.3d 144/145 (2d Cir. 1999). Thus, the Court never knows what transpired at the conference.

### VIII. GRIEVANCES

Any grievances regarding the handling of any case in the C.A.M.P. program should be addressed to Elizabeth Cronin, Director of Legal Affairs and Senior Staff Attorney, 40 Foley Square, New York, New York 10007.