UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

------------------------------------x

Erik Andersen, Software Freedom Conservancy, Inc.,

    Plaintiffs-Counter-Defendants-Appellants,

    v.

Best Buy Co., Inc.,

    Defendant-Counter-Claimant,

Samsung Electronics America, Inc. et al.,

    Defendants,

Westinghouse Digital, LLC,

    Respondent,

Credit Managers Association of California,

    Objector-Appellee.

------------------------------------x

Docket No. 10-5290

## CREDIT MANAGERS ASSOCIATION OF CALIFORNIA'S MOTION TO DISMISS

Jennifer L. Conn
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Samuel A. Newman
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-1512
Telephone: 213.229.7000
Facsimile: 213.229.7520
(application for admission pending)

Counsel for Objector-Appellee
Credit Managers Association of California

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Credit Managers Association of California d/b/a Credit Management Association hereby certifies that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

## CREDIT MANAGERS ASSOCIATION OF CALIFORNIA'S
## MOTION TO DISMISS FOR LACK OF APPELLATE JURISDICTION

Plaintiffs-Appellants, Software Freedom Conservancy, Inc. and Erik Andersen ("Andersen"), noticed this appeal from a November 29, 2010 uncertified order of the United States District Court for the Southern District of New York (Scheindlin, J.), denying their motion to join specially appearing Objector-Appellee Credit Managers Association of California d/b/a Credit Management Association ("CMA") as a defendant under Rule 25(c) of the Federal Rules of Civil Procedure. Because the underlying action is still pending and a final judgment has not yet been entered, CMA respectfully moves to dismiss this appeal for lack of appellate jurisdiction.[1] Pursuant to this Court's Local Rule 31.2(a)(3), CMA also respectfully submits that the schedule for the briefing of this appeal on the merits should be tolled pending resolution of this dispositive motion.

## BACKGROUND

This appeal arises in the course of an ongoing, multi-defendant copyright-infringement action currently pending in the Southern District of New York. Plaintiff-Appellant Andersen claims that defendant Westinghouse Digital Electronics, LLC ("Assignor WDE") and other defendants improperly used code he contributed to an open-source computer program called BusyBox. District Court Opinion ("Dist. Ct. Op."), Ex. 1, at 3. According to Andersen, he contributed the code in 1999, BusyBox was published in 2002, and Andersen registered his copyright in 2008. He alleges that the defendants thereafter infringed the copyright by

---

[1] CMA does not waive its objection to personal jurisdiction by appearing in this appeal. CMA maintains that it is not subject to personal jurisdiction in New York courts and expressly preserved this objection below.

distributing BusyBox, without his permission, in high-definition television products. Software Freedom Conservancy is a nonprofit promoter of open-source software that, among other services, enforces copyrights integral to promoted "member projects," including BusyBox.

CMA is a California nonprofit corporation that assists insolvent companies with work-outs and liquidations through alternatives to bankruptcy, such as assignments for the benefit of creditors. Dist. Ct. Op., Ex. 1, at 4. Under California law, an insolvent company may liquidate by executing a general assignment for the benefit of its creditors in favor of an entity, such as CMA, which will accept the assignment and serve as assignee of the assignment estate. Like a bankruptcy trustee, CMA arranges proportionate, prioritized satisfaction of creditor claims while holding bare legal title to the insolvent's assets in trust for the beneficiaries.

Pertinent to this case, Assignor WDE, a commercial electronics distributor and defendant in the underlying district court action, executed a general assignment in favor of CMA on April 2, 2010. Dist. Ct. Op., Ex. 1, at 4. CMA, solely in its capacity as assignee for the benefit of the Assignor WDE's creditors, accepted the assignment and subsequently sold certain assets used in the operation of the Assignor WDE's business to Westinghouse Digital, LLC f/k/a Golden Star Electronics, LLC (the "Buyer") for $500,000 in cash and other consideration. At the time of sale, the Buyer offered the best value to the Assignor WDE's creditors under the circumstances, and CMA received no objection to the sale from any creditor.

On July 27, 2010, the District Court entered default judgment against Assignor WDE in favor of Plaintiffs. Software Freedom Conservancy, Inc. v. Best Buy Co., No. 09 Civ. 10155, 2010 WL 2985320, at *4 (S.D.N.Y. July 27, 2010). Plaintiffs were required to submit to CMA their claims to Assignor WDE's estate by September 27, 2010, but they failed to submit the requisite proof of claim. Dist. Ct. Op., Ex. 1, at 7.

Following the Assignor WDE judgment of default, on August 9, 2010, Plaintiffs moved in the District Court to join CMA and the Buyer as defendants as Assignor WDE's "successors in interest" under Rule 25(c) of the Federal Rules of Civil Procedure. Dist. Ct. Op., Ex. 1, at 7. Plaintiffs argued that, under California law, CMA assumed relevant Assignor WDE assets and liabilities, and continued Assignor WDE's business, and that CMA is therefore properly joinable as a defendant to Plaintiffs' copyright claim against Assignor WDE. By making CMA liable on Plaintiffs' judgment against Assignor WDE, joinder would have allowed Plaintiffs to recover more than their proportionate, prioritized claim to Assignor WDE's estate. On November 29, 2010, the District Court (Scheindlin, J.), entered an order denying Plaintiffs' motion as to CMA, and denying Plaintiffs' motion as to the Buyer without prejudice subject to Plaintiffs' decision to refile following an evidentiary hearing (the "Order").

Although the underlying action is still pending below, and the District Court has not certified the Order for interlocutory appeal, on December 29, 2010, Plaintiffs filed notice of this appeal of the Order. For the reasons explained below, this appeal is premature and should be dismissed.

## ARGUMENT

I. **The denial of Plaintiffs' Rule 25(c) joinder motion is a non-appealable interlocutory order.**

A. **There is no "final decision" under 28 U.S.C. § 1291.**

This Court ordinarily has "jurisdiction only over appeals from final decisions of the district court." Transp. Workers Union of Am., Local 100 v. N.Y. City Transit Auth., 505 F.3d 226, 230 (2d Cir. 2007). "A 'final' decision embodied in 'final' judgment 'is one that conclusively determines the pending claims <u>of all the parties</u> to the litigation, leaving nothing for

3

the court to do but execute its decision.'" Id. (quoting Citizens Accord v. Town of Rochester, 235 F.3d 126, 128 (2d Cir. 2000) (per curiam) (emphasis added)). This Court has routinely dismissed appeals for lack of jurisdiction where a final decision has not been rendered. For example, in Citizens Accord this Court dismissed an appeal for want of a "final decision" because counterclaims remained pending in the district court. 235 F.3d at 128-29. And, in Kamerling v. Massanari, 295 F.3d 206, 213 (2d Cir. 2002), this Court declined to review a decision "[b]ecause [it] adjudicated fewer than all of the claims remaining in the action" and was therefore "not a final order that would be appealable pursuant to 28 U.S.C. § 1291."

In this case, four of the original fourteen defendants continue to litigate below, as do Plaintiffs in defense of a counter-claim by defendant Best Buy Co., Inc. The parties remaining are in the process of completing discovery. See District Court Docket, Ex. 2, at entry #158 (ordering that "[f]act discovery . . . be completed by February 18, 2011" and "[e]xpert discovery . . . be completed by June 15, 2011."). Final judgment has not been entered by the District Court. Therefore, this Court lacks jurisdiction over the appeal of the District Court's Order denying Plaintiffs' motion to join CMA as a defendant in the ongoing litigation.

### B.  The Order has not been certified for appeal by the District Court.

If the Plaintiffs wished to appeal the Order before a final judgment in the action was entered, they could have requested that the District Court certify its Order for interlocutory appeal. The certification rules interpose the district court as gatekeeper, leaving to that court's discretion whether piecemeal review of individual claims or orders best serves the interests of the litigants and of the courts. See, e.g. In re City of N.Y., 607 F.3d 923, 933 (2d Cir. 2010) (noting that § 1292(b) certification is "entirely a matter of discretion for the District Court"); Charles

4

Alan Wright et al., 16 Federal Practice & Procedure § 3929 (2d ed.) ("The requirement [of § 1292(b)] that the district judge certify the order was deliberately suggested, and deliberately adopted to secure an initial judgment on the desirability of appeal by the trial judge as the person most familiar with the litigation." (footnote omitted)).

Here, instead of properly applying to the District Court, Plaintiffs have attempted to circumvent that Court by noticing appeal of this Order without certification. In any event, even if Plaintiffs had applied to the District Court for certification, because the Order satisfies none of Section 1292(b)'s three requirements, that application would have failed.[2]

One, there is no "controlling question of law" here. 28 U.S.C. § 1292(b). Even if this Court were to disagree with the District Court's ruling that CMA is not individually liable as Assignor WDE's successor in interest, the proceedings below would remain unchanged. Cf. Consub Del. LLC v. Schain Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) ("The question must . . . be 'controlling' in the sense that reversal of the district court's order would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome.").

Two, there is no "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). As the District Court held, Plaintiffs have not established that CMA is a successor in interest to Assignor WDE under California law. Plaintiffs assert only that Assignor WDE's business

---

[2] In pertinent part, 28 U.S.C. § 1292 permits a district judge to certify for appeal an otherwise non-appealable order where he or she believes "that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) provides "a rare exception to the final judgment rule . . . reserved for those cases where an intermediate appeal may avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996).

5

"passed through" CMA. They do not allege that CMA is a mere continuation of Assignor WDE or that the assignment amounted to a merger. See Dist. Ct. Op., Ex. 1, at 20. Nor is Plaintiffs' argument that federal copyright law preempts California state creditor law an adequate basis for certification. As the District Court found, an assignment for the benefit of creditors "does not operate to frustrate copyright enforcement." Dist Ct. Op., Ex. 1, at 24. And though Plaintiffs claim that their preemption argument raises a novel issue, even if that were true (and it is not), "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.2d 281, 284 (2d Cir. 1996) (per curiam).

Three, immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If Plaintiffs prevail in their appeal, all that will happen is a new defendant will be added. Immediate appeal will only result in the expenditure of party and judicial resources, while doing nothing to advance the ultimate conclusion of the action below.

### C. The order appealed from can be effectively and efficiently reviewed after a final judgment is rendered.

The dismissal of the instant appeal at this time will not deprive Plaintiffs of appellate review. The Order appealed from can be effectively and efficiently reviewed on appeal from the final judgment. See Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1325 (10th Cir. 1978) ("[The court] will be able to completely review the joinder order if appeal is taken from any final judgment. . . . [The court] must find the trial court's Rule 25(c) joinder order to be interlocutory and non-appealable.").

Indeed, as a general rule, "a party is entitled to a single appeal, to be deferred until final judgment has been entered." Mohawk Indus., Inc. v. Carpenter, 130 S. Ct. 599, 605 (2009)

6

(quoting Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868 (1994)) (internal quotation marks omitted). "Permitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." Id. (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981)). Here, there is no need to review the Order immediately, or any advantage gained by doing so. Immediate appeal would produce only wasteful and unnecessary piecemeal review.

Although there is a category of immediately appealable collateral orders, the Supreme Court has long recognized that the category is "'small.'" Id. (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)). "'That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action.'" Id. (quoting Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 42 (1995)). Collateral order review is permitted only when "[t]he justification for immediate appeal [is] sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." Id. "[T]he decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" Id. (quoting Will v. Hallock, 546 U.S. 345, 352-53 (2006)).

Here, no "substantial public interest" is "imperil[ed]." At stake is no "particular value of a high order." Plaintiffs demand immediate appeal only to add an additional payor on their default judgment. A reversal of the District Court's Order following final judgment would join CMA in the same position that Plaintiffs seek now. The fact that such a decision might be delayed is not a sufficient ground to depart from the usual rule of awaiting final disposition of

7

the action before appeal. Cf. id. at 605 (stating that even "[t]hat a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed." (internal quotation marks omitted)).[3]

## CONCLUSION

For all of the reasons explained above, this appeal is premature. It should be dismissed for lack of appellate jurisdiction.

Dated: New York, New York
        February 11, 2011

    GIBSON, DUNN & CRUTCHER LLP

    By: _____
        Jennifer L. Conn

    200 Park Avenue, 47th Floor
    New York, New York 10166-0193
    Telephone: 212.351.4000
    Facsimile: 212.351.4035

    Samuel A. Newman
    (application for admission pending)
    333 South Grand Avenue
    Los Angeles, California 90071-1512
    Telephone: 213.229.7000
    Facsimile: 213.229.7520

    Counsel for Objector-Appellee
    Credit Managers Association of California

---

[3] Unlike Billino v. Citibank, N.A., 123 F.3d 723, 727 (2d Cir. 1997), and Collateral Control Corp. v. Deal (In re Covington Grain Co.), 638 F.2d 1357, 1360 (5th Cir. 1981), where dismissal of an appeal would have prevented the appellant from prosecuting or defending the action entirely, Plaintiffs are not prevented from continuing their action below and appealing the Order following final judgment.

8